JOHN KEARNEY, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A party alleging the loss of a material paper, to make out a case authorizing secondary evidence of its contents, must show that he has in good faith exhausted, to a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him.

The person last known to have been in possession of the paper must be examined as a witness to prove the loss; if out of the State his deposition must be procured or some good excuse given for not doing so.

The determination of the trial judge of the fact as to the loss cannot be reviewed here, unless the proof of loss was so clear and conclusive that it was error of law to find against it.

Where the only witness called to prove the loss is the party claiming it, the trial court is not bound as matter of law to credit his statements, although they are not contradicted by any other witness.

(Argued May 8, 1883 ; decided June 5, 1883.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made at the May term, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought by plaintiff, as assignee of one Scanlon, to recover for publishing the election notice for the year 1870 in *The Irish Republic* newspaper, which, plaintiff claimed, was given to Scanlon, the publisher of said newspaper, for publication, by the then sheriff of the county of New York, as authorized by chapter 480, Laws of 1860.

The facts material to the questions discussed are stated in the opinion.

*James M. Lyddy* for appellant.

*D. J. Dean* for respondent. Secondary evidence is only admissible where the writing cannot be produced. Proof must be given of the exercise of reasonable diligence in the effort to procure the original. The circumstances must be indeed exceptional which would warrant the assertion that the efforts of the plaintiff in this case to produce the original were reasonably diligent. (*Boyle* v. *Wiseman*, 29 Eng. L. & Eq. 473; *Deaver* v. *Rice*, 2 Ired. [N. C.] 280; *Dickinson* v. *Breeden*, 25 Ill. 186; *Ralph* v. *Brown*, 3 W. & S. 395; *Shepherd* v. *Giddings*, 22 Conn. 282; *Wood* v. *Cullen*, 13 Minn. 394; *Johnson* v. *Arnwine*, 13 Vroom [N. J.], 451; 36 Am. Rep. 527; *Bunch's Adm'r* v. *Hurst*, 3 Desaur. Eq. [S. C.] 273; *Floyd* v. *Minstey*, 5 Rich. [S. C.] 361; *Turner* v. *Yates*, 16 How. [U. S.] 14; *Simpson* v. *Dall*, 3 Wall. 460, 475; *Blackburn* v. *Crawford*, id. 175, 183; *Jackson* v. *Frier*, 16 Johns. 193; *Parkins* v. *Cobbet*, 1 C. & P. 282; *Taunton B'k* v.

*Briggs,* 5 Pick. 436; *Empire Trans. Co.* v. *Steele,* 70 Penn. St. 188.) The rule requiring proof of diligence, preliminary to admitting secondary evidence, should in this case be strictly enforced. (1 Greenleaf's Evidence, § 87; *Quilter* v. *Jorss,* 14 C. B. [N. S.] 747; *Gully* v. *Bishop of Exeter,* 4 Bing. 290; *Brewster* v. *Sewell,* 3 B. & Ald. 296; *Freeman* v. *Arkill,* 2 B. & C. 495; *Graham* v. *Chrystal,* 2 Abb. App. Dec. 264.) The question whether the absence of a document is sufficiently accounted for is addressed to the trial judge, and the court on appeal will not reverse his decision of that question, except when he is clearly wrong. (*Jackson* v. *Frier,* 16 Johns. 193; *Quilter* v. *Jorss,* 14 C. B. [N. S.] 747; *Graham* v. *Chrystal,* 2 Abb. App. Dec. 264; *Regina* v. *Hill,* 16 Eng. L. & Eq. 358; *Nicholson* v. *Conner,* 8 Daly, 215; *Sheridan* v. *Mayor,* 68 N. Y. 30; *Gildersleeve* v. *Landon,* 73 id. 609; Stephen's Digest of the Law of Evidence, articles 71, 79, and notes; *Mason* v. *Libbey,* 64 How. 267.)

RAPALLO, J. The alleged employment by the sheriff, pursuant to chapter 480 of the Laws of 1860, of Scanlon, the plaintiff's assignor, to publish the election notice in the newspaper entitled " *The Irish Republic,*" lay at the foundation of the plaintiff's supposed cause of action. The fact of such employment was put in issue by the answer. The plaintiff was the only witness called to prove it, and he testified that, at the request of Scanlon, he called upon the sheriff and asked him for the election notice. That the sheriff gave it to him with a written indorsement thereon, which indorsement, the plaintiff claims, contained an authorization to Scanlon to publish the notice. The plaintiff then endeavored to give parol evidence of the contents of the written indorsement, but on objection being made, the court excluded such parol evidence. The plaintiff then attempted to prove that the paper was lost, but the court held the proof insufficient, and excluded parol evidence of its contents. The plaintiff was then asked what was said by the sheriff at the time, and answered that he did not remember that he said any thing. After this the witness was

repeatedly pressed to state the contents of the writing indorsed on the notice, and to state what the sheriff said at the time, but all these questions were excluded, and the answers given by witness to some of them were stricken out.

There can be no doubt that the defendant had the right to insist on the production of the paper, and to object to parol evidence of its contents without proof of its loss. It is no answer to this objection to say that the law did not require the authority or contract of employment to be in writing.

The proof of loss of the paper was addressed to the trial judge, and presented a question to be determined by him as matter of fact. His determination of the fact cannot be reviewed here, unless the proof of loss was so clear and conclusive that it was error of law to find against it. (*Jackson* v. *Frier*, 16 Johns. 193; Stephens on Evidence, article 71; *Mason* v. *Libbey*, 64 How. Pr. 267.) The proof in this case fell far short of that standard. According to the testimony of the witness he gave the paper to Scanlon. That is the last trace we have of it. The witness says that afterward, when the business of the newspaper was being wound up, he remembers making search among the records of "*The Irish Republic*" for the election notice; that he has made earnest and diligent search among his own papers, as well as among the papers of "*The Irish Republic*" for that purpose; that he and Mr. Scanlon together searched all over for it, but were not able to find it, and that Mr. Scanlon told witness he was unable to find it. He does not say where they searched, except among the papers of "*The Irish Republic*." It does not appear that search was made among Scanlon's papers. The witness says that he is quite positive that at the time of the assignment of the claim to him, and before that, the search for this notice was made in the archives of the newspaper office, that both he and Scanlon searched for it and it could not be found.

This is all the evidence in the case on the subject of the loss of the paper, and it is apparent at the first glance that it is any thing but conclusive. The first glaring defect is that although the paper was last seen in Scanlon's possession, and although

the witness says that Scanlon subsequently assisted in the search for it, he was not examined as a witness.  The only excuse offered for this omission is the testimony of the plaintiff that since the assignment of the claim to him, Scanlon has not been living in the city, county and State of New York.  It was not shown, however, that there was any difficulty in reaching him, and it has repeatedly been held that the person last known to have been in possession of the paper must be examined as a witness, to prove its loss, and that even if he is out of the State, his deposition must be procured if practicable, or some good excuse given for not doing so.  (*Deaver* v. *Rice*, 2 Ired. [N. C.] 280 ; *Dickinson* v. *Breeden*, 25 Ill. 186 ; *Bunch's Adm'r* v. *Hurst*, 3 Desaur. Eq. [S. C.] 273 ; *Turner* v. *Yates*, 16 How. [U. S.] 14 ; *Parkins* v. *Cobbet*, 1 C. & P. 282.)  And the general rule is that the party alleging the loss of a material paper, where such proof is necessary for the purpose of giving secondary evidence of its contents, must show that he has in good faith exhausted, to a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. (*Simpson* v. *Dall*, 3 Wall. 460, 475.)

The question being one of fact, it is not necessary to show that it would have been error in the trial judge to hold the proof of loss sufficient, and admit the parol evidence offered. The point which the appellant must establish is that the proof was so conclusive that it was error of law not to hold it sufficient, and if there were nothing else in the case, the fact that the only witness called to testify to the loss was the plaintiff himself, was enough to preclude this court from reviewing the decision of the trial judge and General Term.  For the court below was not bound as matter of law to credit the statements of a witness thus interested, given in his own behalf, though uncontradicted by any other witness.  (*Elwood* v. *Western U. Tel. Co.*, 45 N. Y. 549; 6 Am. Rep. 140; *Nicholson* v. *Conner*, 8 Daly, 215.)

The judgment should be affirmed.

All concur.

Judgment affirmed.