SCHMIEDER and others *v.* BARNEY.

(*Circuit Court, S. D. New York.* November 4, 1887.)

CUSTOMS DUTIES—ACTION TO RECOVER—PRACTICE.

In an action against a collector of customs, to recover duties, the defendant, on his motion, obtained an order of the court requiring the plaintiffs, within a specified time, to serve a bill of the particulars therein enumerated of their claim, and that, in default of such service, the defendant should have judgment of *non pros.* against the plaintiffs, provided that, on the proof by them of certain circumstances, and on their compliance with the conditions then prescribed by the order, they should not be required to furnish such bill.

More than three years having elapsed after the expiration of the time for the service thereof, and no bill meanwhile having been served, the defendant noticed a second motion for such bill, and, in default of the service thereof within five days, for judgment of *non pros.* against the plaintiffs; and the plaintiffs noticed a counter-motion for the production of certain papers, under Rev. St. U. S. § 724 and, on the failure of their production, that this action be continued, and not placed on the day calendar of the court for the trial of causes. Upon the argument of these motions, which were heard together, the plaintiffs produced certain affidavits, which, they claimed, showed, besides other things, the existence of the circumstances mentioned and a substantial compliance by them with the conditions prescribed by the order for the non-service of the bill. The court held that the plaintiffs had not shown the existence of these circumstances, and therefore had not complied with these conditions; but, as they might have omitted through some excusable negligence to state in their affidavits the facts showing the existence of such circumstances, extended the plaintiffs' time to comply with the terms of the order for the bill five days from the date of the service of an order granting this extension, but ordered that in default of such service, and on proof thereof, the defendant should have judgment of *non pros.* against the plaintiffs.

*(Syllabus by the Court.)*

Action to Recover Excess of Duties Paid under Protest.

On cross-motion, the one for bill of particulars, and the other for production of custom-house papers under Rev. St. U. S. § 724.

*Stephen G. Clarke,* for plaintiffs.

*Stephen A. Walker,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., for defendant.

LACOMBE, J. This is a consolidated action. The several original actions were begun at various times in 1863 and 1864, the defendant duly appearing in each, and demanding a copy of the bill of particulars of the plaintiffs' demand therein. No bill of particulars has ever been served. On June 9, 1883, defendant moved, upon affidavit, for a bill of particulars, or, failing the service of such bill, for a judgment of *non pros.* against the plaintiffs. After argument, the court, (Hon. ADDISON BROWN, sitting as circuit judge,) on June 26, 1883, ordered[1] that plaintiffs serve a bill of particulars giving certain enumerated items, within 90 days after service of the order and notice of entry on plaintiffs' attorney; and further ordered that, in default of such service, and on due notice thereof, defendant have judgment of *non pros.* against the plaintiffs. This last clause of the order, however, was coupled with a proviso that it should, under certain circumstances, be inoperative. These circumstances are thus described in the order:

(1) If the plaintiffs, through the loss or destruction of their books and papers, or other cause, shall be actually unable to furnish the particulars required, without an inspection of the invoices, entries, and protests on file in the custom-house; and (2) shall serve an affidavit in this action upon defendant's attorney, or upon the present collector, stating that fact, and the reason of such inability; and (3) shall serve upon the collector a request, in writing, for permission to inspect such invoices, etc., [the details of the request need not be considered,]—then plaintiff shall not be required to furnish the particulars hereinabove ordered.

[1] See 6 Fed. Rep, 150, and note.

The order of Judge Brown, with notice of entry, was served on plaintiffs' attorney on July 31, 1883, and the 90 days limited therein have long since expired.   On December 12, 1883, an affidavit of the plaintiffs' attorney was served on the district attorney, and apparently about the same time on the collector.   It refers to this action, and to two others, and states "that he [plaintiff's attorney] has endeavored to procure the particulars required by the order of this court made in said actions on the twenty-sixth day of June, 1883, but without success, owing to the fact that the plaintiffs, at the times the importations referred to were made, composed firms which have long since passed out of existence, and all their books and papers referring to their importations at that period have been lost or destroyed."

On October 21, 1887, and on several occasions prior thereto, plaintiffs' attorney served on the collector a request for an inspection of the invoices, etc.   The terms of these requests need not be considered, as they are practically conceded to be in substantial compliance with Judge Brown's order.   On October 2, 1887, notice of a further motion for bill of particulars, or in default of service thereof within five days, then for judgment of *non pros.*, was given by the district attorney.   On October 26, 1887, the plaintiffs made a counter-motion, under section 724 of the Revised Statutes of the United States, for the production of papers from the custom-house, or, failing such production, that the cause be continued, and not placed on the day calendar.   These last two motions have now been heard, and will be disposed of together.

The order made on June 26, 1883, is apparently controlling of these applications, unless plaintiffs have put themselves in a position to avail of the relief accorded by the proviso.   Upon the papers, they do not seem to have done so.   They were required to serve an affidavit, stating their inability, and *the reasons of such inability*.   The only attempt to comply with these requirements is the submission of the affidavit of plaintiffs' attorney above quoted from.   Evidently the deponent has no personal knowledge of the loss or destruction of plaintiffs' books, and it may well be doubted whether an affidavit which does not set forth the efforts made to obtain it is in sufficient compliance with the second clause of Judge Brown's order.   Manifestly, the learned judge did not mean to provide that plaintiffs who might be able to obtain the necessary information from their own books and papers, but declined to do so, because they were unwilling to take the trouble of searching for them, might be excused for a failure to comply with the order.   What he did mean, undoubtedly, was that the plaintiffs might, by making out such a case as would upon a trial entitle a party to introduce secondary evidence of the contents of a book or paper, excuse themselves from furnishing a bill of particulars without assistance from the files of the custom-house.   This affidavit, however, is very far from making out such a case.   *Simpson* v. *Dall*, 3 Wall. 460; and see the authorities cited in *Kearney* v. *Mayor, etc.*, 92 N. Y. 617.

It is to be further noted that the learned judge has not only required that an affidavit of loss or destruction be served.   The proviso is condi-

tioned on the fact that "the plaintiffs, through the loss or destruction of their books and papers, or other cause, shall be *actually* unable to furnish the particulars required," etc.    When the right to avail of the proviso is claimed, conformity with the condition on which it was granted must be shown to the satisfaction of the court.    Besides the affidavit of the plaintiffs' attorney, there has been presented on these motions an affidavit of Louis E. Schmieder, one of the plaintiffs.    In this he states that, at the time of the transactions which are the subject of this suit, he was the resident partner here; the other plaintiffs, Charles E. Schmieder and Frederick Schmieder, remaining abroad.    That in 1868 the firm was discontinued, "and all their books and papers, being necessary for winding up and settling the accounts of said firm, were then sent to the main house, in Germany."    Deponent then adds that "he verily believes that none of the records or books of said house showing their importations during the years 1863 and 1864 are now in existence."    He wholly fails to state the grounds for such belief, or to show that at any time during the past 20 years *he* has made any effort to find them. Moreover, the very affidavit of Louis E. Schmieder shows that the books and records of the firm were last in the possession of the other two plaintiffs, and no statement of *theirs*, sworn or unsworn, is offered to account for them.    Such proof as this wholly fails to comply with the letter or the spirit of Judge Brown's order, and is insufficient to entitle the plaintiffs to claim the benefits of the proviso.

It may be that they have in fact made proper and diligent search for books and records which have been lost or destroyed to their misfortune, and without their fault; and that they have omitted, through some excusable neglect, to state the facts in their affidavits.    The time within which plaintiffs may comply with the terms of Judge Brown's order of June 26, 1883, is therefore extended five days from the date of service of this order on their attorney.    Failing to comply within that time, the former order will take effect, and, upon the filing of an affidavit of non-service of the bill of particulars, defendant may have judgment of *non pros.*

This disposition of the case will, of course, dispose of the other motion, which was argued at the same time, and no decision thereon need be made.