Barker, J.
The action is upon a judgment rendered in the Monroe county court in favor of John Sperry, the husband of the plaintiff, against Henry Fredericks, the defendant herein. The plaintiff claims to be the- owner and holder of' the judgment under a sale and transfer of the same by her husband to herself.
The answer denies the allegation of title, and sets up an affirmative defense in avoidance of a recovery. The issue relative to the plaintiff’s title was the only one litigated on the trial. At the close of the evidence, the court directed a. verdict in the plaintiff’s favor for the amount of the judgment and interest.
The defendant requested permission to go the jury on the question of title, which was refused, and the exception then taken presents the only question to be considered on this appeal.
For the purpose of exactly understanding the question presented by the ruling and exception, a further statement and history of the trial and the facts proven is necessary.
The plaintiff, in support of her title, gave in evidence a written assignment of the judgment, executed by John. Sperry, her husband, dated the 4th day of December, 1884, duly acknowledged on the same day, which was two-days prior to the commencement of the action, and then rested.
The defendant made proof that on the 3d day of May, 1883, Mary E. Briggs recovered a judgment against the-said John Sperry for $170.85, and that in proceedings supplemental to execution instituted thereon, a receiver was appointed of all the property of John Sperry, who duly qualified. The defendant called the said John Sperry as a witness, and proved by him that he was the husband of the plaintiff, and was the plaintiff in the judgment upon which the action is founded, and that he is the person mentioned, in the assignment which the plaintiff gave in evidence, and he was not examined by the defendant on any other question. By another witness the defendant then proved that the said John Sperry was the John Sperry against whom. Mary E. Briggs recovered her said judgment, and then rested.
*25 As the case then stood, the defendant would have been entitled to a verdict in his favor, for the reason that the evidence showed that the plaintiff, by the written assignment which she produced and gave in evidence, acquired no title to the judgment, as the same had previously passed to the receiver appointed in the supplementary proceedings.
Thereupon the plaintiff sought to show, that she had acquired a title to the judgment by a purchase from said John Sperry, prior to the appointment of the receiver, and recalled John Sperry, who testified, in substance, that some years prior to the date of the written transfer of the judgment, made on the 4th day of December, 1886, he became indebted to his wife, and that five or six years previous to the time of the trial and before the 21st day of January, 1884, which was the day the receiver was appointed, he, ' by a written instrument, transferred the judgment to the plaintiff, and the same was applied towards the payment of his indebtedness to his wife, and that he prepared the first assignment himself, and delivered it to her, and that the same was lost, and for that reason the assignment put in evidence was prepared and executed. This is, in substance, all the evidence given on. the trial.
The issue over the question of title to the judgment was an important one to the defendant, although he did not claim that it was paid or discharged, yet, when called upon to pay the same to any other person than the receiver, he had the right to demand of the claimant the production of evidence that he became the owner at a time prior to the appointment of the receiver. . Upon this issue the plaintiff held the affirmative. The assignment by the plaintiff before she rested her case was insufficient to vest title in her, as the defendant’s proofs fully establish that at that time the same was in the said receiver. In view of the relationship existing between the plaintiff and John Sperry, and the mode and manner in which the trial was conducted, and the character of the evidence given by Sperry, that he transferred the judgment to the plaintiff before the appointment of a receiver, we are clearly of the opinion that a case was made, giving the defendant the right to go to the jury upon the question as to the credibility of Sperry’s evidence relative to the assignments. A shadow of doubt rests upon the truthfulness of his evidence-on that question. It may be that the proposition of the plaintiff, that she acquired a title to the j'udgment by purchase prior in point of time to the appointment of a. receiver, was satisfactorily explained, but that was a ques *26 tian, as we think, for the jury to determine. It may be said in behalf of Sperry that the predicament in which the plaintiff placed herself by relying upon the assignment first given in evidence did not result from any action •of the witness and should not impair his credibility, but in view of his interest in maintaining the plaintiff’s claim of title, he may be treated as a witness biased against the •defendant upon the only issue litigated upon the trial. His statement that there was a sale and transfer prior to the appointment of the receiver has several features of improbability connected with it. He claims to have prepared the assignment himself, but is unable to give its date or whether the same was acknowledged or not, and the proof of its loss was insufficient to permit secondary proof of its contents, if an objection of that character had been interposed by the defendant.
. If Sperry had not been made a witness by the defendant, then clearly the case would not have fallen within the rule that the statements of a disinterested, unbiased and unimpeached witness should be received by the court and jury as truthful, for the reason which we have suggested, and the case would have been one for the jury to pass upon his credibility. It is often a difficult question to decide when a witness is, in a legal sense, uncontradicted. He may be contradicted by circumstances as well as by statements of others contrary to his own. In such case courts and juries are not bound to refrain from exercising their judgment, and to blindly follow the statements of the witness for the simple reason that no other witness has denied his statements and that the character of the witness is not impeached. Elwood v. Western Union Telegraph Co., 45 N. Y., 549; Dean v. Van Ostrand, 23 Week. Dig., 97; Kearney v. Mayor, 92 N. Y., 617.
The making and putting in evidence the assignment upon which the plaintiff relies in the first instance as evidence of his title is, in effect, an assertion by the plaintiff, and the witness also, that the same is based upon a transaction which took place on the day that the instrument bears date.
As the defendant called Sperry as a witness the question is presented whether for that reason he was prohibited from claiming that this evidence, drawn out by the plaintiff, as to the time when she acquired title was untrue. The general rule of evidence is, that when a party calls a witness for the purpose of proving by him his cause of action, he thereby presents him to the court and jury as worthy of belief; the law will not permit the party - afterwards to impeach his general reputation for truth or impugn his credibility by general evidence tending to show him to be *27 unworthy of belief. But to this general rule there are some exceptions and the application of the rule is limited, and only prohibits the impeachment in the following manner: (1) The calling of a witness to impeach the general -character of the witness; (2) the proof of prior contradictory statements by him; and (3) the contradiction of the witness by another where the only effect is to impeach and not to give any material evidence upon any issue in the case. 1 Greenl., § 442; Becker v. Koch, 104 N. Y., 394; 5 N. Y. State Rep., 688.
Upon the issues tried Sperry is to be regarded as a witness adversed to and biased against the • defendant, and the rule applicable to such case, we find stated in the case just cited as follows: “What favorable facts the party calling him obtained from such a witness may be justly regarded as wrung from a reluctant and unwilling man, while those which are unfavorable may be treated by the jury with just that degree of belief which they may think is deserved, considering their nature and the circumstances of the case.” The application of this rule made a case for the consideration of the jury, whether they would place confidence in Sperry’s statements, that he, in fact, sold and transferred the judgment to the plaintiff prior to. the time of the receiver’s appointment.
The judgment should be reversed and a new trial granted, costs to abide the event.
All concur.