BRADLEY FERTILIZER CO. *v.* SOUTH PUB. CO.

(*City Court of New York, General Term.* June 19, 1891.)

DIRECTING VERDICT—REQUEST BY BOTH PARTIES.

    Where each party asks for the direction of a verdict in his favor, authority is thereby given the trial judge to determine all questions of fact, as a jury could have done.

Appeal from trial term.

Action by the Bradley Fertilizer Company, against the South Publishing Company, to recover a balance of account alleged to be due plaintiff for goods sold and delivered to defendant. The defense set up was a denial of the sale and delivery to defendant of the goods, etc., as alleged in the complaint, and that defendant was not an incorporated company at the time of

the alleged sale. Judgment was entered on the verdict of a jury, by direction of the court, in favor of plaintiff, for the sum of $377.92. Defendant appeals.

Argued before McGOWN and McCARTHY, JJ.

*Herbert H. Gibbs*, for appellant.   *George Walton Green*, for respondent.

McGOWN, J.   The issues raised by the pleadings were issues of fact only. After the closing of the testimony, defendant's counsel asked for a direction of a verdict for the defendant, which motion was denied.  Plaintiff's counsel thereupon asked for a direction of a verdict in favor of the plaintiff, which motion was granted, and to which rulings defendant excepted.  No motion was made by defendant's counsel to go to the jury on any question of fact. Both parties having requested the court to direct a verdict, they themselves conferred upon the trial justice all the authority over the questions of fact which the jury would have otherwise had, including the right to discredit the testimony of any of the witnesses, unless corroborated by other testimony.   *Kearney* v. *Mayor, etc.*, 92 N. Y. 621; *Elwood* v. *Telegraph Co.*, 45 N. Y. 553; *Sipple* v. *State*, 99 N. Y. 290, 1 N. E. Rep. 892, and 3 N. E. Rep. 657.   There was no error on the part of the trial justice in directing the verdict, and we think he was justified by the evidence in directing the verdict.   We have examined the several exceptions taken by defendant's counsel to the ruling of the trial justice, and we do not think there is any merit in any of them.   The amendments allowed were in the discretion of the trial justice, and they did not change substantially the claim or defense, nor did they affect the substantial rights of the defendant; and it was his duty, under the circumstances, to conform the pleadings and other proceedings to the facts proved.   Judgment appealed from must be affirmed, with costs to respondent.