### AUERBACH *et al. v.* PEETSCH *et al.*

(*City Court of New York, General Term.* June 19, 1891.)

APPEAL—REVIEW—DIRECTING VERDICT.

> Where both plaintiff and defendant request the direction of a verdict, the trial judge becomes the trier of both the law and the facts, and his judgment as to disputed questions of fact will not be disturbed on appeal.

Appeal from trial term.

Action by Simon Auerbach and others against Henry C. L. Peetsch and others. From a judgment entered on a verdict for plaintiffs, defendants appeal.

Argued before McGOWN, VAN WYCK, and NEWBURGHER, JJ

*Meyer Auerbach,* for respondents. *Edward W. S. Johnston,* for appellants.

VAN WYCK, J. This action was upon a promissory note made by defendants to the order of one Moonelis, indorsed and delivered by him to plaintiffs for full value before maturity. The defendants' answer alleged that the note was not delivered to Moonelis, or to any one, for value. The plaintiffs put the note in evidence, and one of them testified that they received it from Moonelis, before maturity, in payment of two of Moonelis' notes held by them, which, together, equaled the amount of the note in suit, and that thereupon they surrendered to Moonelis his two aforesaid notes. These transactions, if truthfully stated, made the plaintiffs, under the New York law, *bona fide* holders for value. To substantiate the defense, the defendant Peetsch testified as follows: "The signature to this note is my signature. That note was delivered to me by Mr. Moonelis, and after that delivery it was returned. Two days afterwards he came to my office, and told me that the bank would not discount such a big note; that they were tight of money, and to make two small notes in place of it. This note was returned to me, and I never again delivered it to him or to anybody else. He came with that note to my office, and wanted two notes in place of it. After that note of $1,351.20, dated September 3, 1890, being plaintiffs' Exhibit A, was returned

to me by Mr. Moonelis, I never delivered it to him or to anybody else.   I say that I never parted with that paper after it was returned to me.   I know how it left my possession.   I never saw it afterwards, in the hands of Mr. Moonelis, or in anybody else's hands.   I did not see it after it left my possession. It was left on the table, and I was called out, and when I came back the note was gone; and when I asked him afterwards about the note, he told me he had the note destroyed; that he unintentionally took it along."   This is all of the evidence offered by the defendants except as to the original consideration for the note.   At the close of the testimony in the case is found the following: "Defendants' counsel asks the court to direct a verdict in favor of the defendants.   Motion denied.   Exception."   And "plaintiffs' counsel then asked the court to direct a verdict in favor of plaintiffs.   The court thereupon directed a verdict in favor of the plaintiffs for $1,359.30.   The defendants excepted."   This exception can be of no avail to the defendants on appeal, for the reason that when both parties requested the court to direct a verdict they thereby conferred upon the judge all of the authority over the questions of fact which the jury would have otherwise had; and, unless some merit can be found in the defendants' other exceptions, they cannot prevail.   But these other exceptions are directed against the rulings of the court excluding evidence offered by defendants tending to show what was the original consideration for the note.   These rulings, however, seem proper, as the defense was that the note, some time after making and delivery, and after its redelivery to the maker in exchange for two other notes, was, say, stolen from the maker.   Here the substance of the defense is the felonious taking of the note from the maker by its payee, and, if this is a good defense against a *bona fide* holder for full value, it would be such even though the note had been originally given by the maker for full value; and, as a good defense cannot be made better, of what consequence can it be that the note was originally given without any consideration?   And, moreover, if it had been originally given by the maker without consideration, it would be, except for this intervening defense of felonious taking, good in the hands of a *bona fide* purchaser; and the court, in the exercise of the functions of a jury, has held both that the plaintiffs are *bona fide* purchasers, and that the note was not delivered, redelivered, and retaken, as testified to by a party to the action.   Such determination was justified by the evidence, and the judgment is affirmed, with costs.

NEWBURGHER, J., concurs.

McGOWN, J., (*concurring.*)   This action was upon a promissory note made by the defendant Peetsch to the order of defendant Moonelis, bearing date September 3, 1890, payable four months after date, and indorsed and delivered by him to the plaintiffs, for full value, before maturity.   The defendant Peetsch appeared, and in his answer admits the making of the note, and alleges:   *First.* The said note "was not delivered by this defendant Peetsch to the defendant Moonelis, or to any other person or persons, nor did this defendant ever receive any value from the defendant Moonelis, or from any other person or persons, of all of which the plaintiffs had notice.   *Second.* "This defendant alleges, upon information and belief, that the plaintiffs did not purchase said note for value in good faith from the defendant Moonelis, nor did they part with any value therefor, and that they are not the lawful owners or holders thereof, as against this defendant."   The plaintiffs thereupon put in evidence the note in question; and Meyer Auerbach, one of the plaintiffs, testified that plaintiff received the note from Moonelis, before maturity, in payment of two notes of Moonelis held by them, which became due September 25th and October 24th, respectively, which, together with the sum of $70, paid by Moonelis on account of one of said notes, and together with the interest on the two notes, made up the amount of the note in suit; and that

plaintiffs at the same time surrendered and returned the two notes to the defendant Moonelis. That at the time of the delivery of the note plaintiffs had no knowledge that the note had been diverted by the defendant Moonelis, or wrongfully taken by him. This transaction, if truthfully stated, made the plaintiffs, under the laws of this state, *bona fide* holders for value. *Insurance Co.* v. *Church*, 81 N. Y. 225; *Nickerson* v. *Ruger*, 84 N. Y. 676; *Bank* v. *Penfield*, 69 N. Y. 505. To sustain his defense, Peetsch testified as follows: "The signature to this note is my signature. That note was delivered by me to Mr. Moonelis, and after that delivery it was returned. Ten days after that he came to my office, and told me that the bank would not discount such a big note; that they were tight of money; and to give him two small notes in place of it. This note was retained by me, and I never delivered it to him, or to anybody else. He came with that note to my office, and wanted two notes in place of it. After that note of $1,351.20, dated September 3, 1890, being plaintiff's Exhibit A, was returned to me by Mr. Moonelis, I never delivered it to him, or to anybody else. Again I say that I never parted with that paper after it was returned to me. I know how it left my possession. I never saw it afterwards, in the hands of Mr. Moonelis, or anybody else's hands. I did not see it after it left my possession. It was left on the table, and I was called out; and when I came back, the note was gone; and when I asked him afterwards about the note he told me he had the note destroyed; that he unintentionally took it along." No other testimony was offered except as to the consideration of the original note surrendered. Defendants' counsel thereupon asked the court to direct a verdict in favor of the defendants, which motion was denied. Plaintiffs' counsel then asked the court to direct a verdict in favor of the plaintiffs. The court thereupon directed a verdict in favor of the plaintiffs for $1,359.30, and the defendants excepted. This exception, however, can be of no avail to the defendants on appeal, for the reason that where both parties request the court to direct a verdict, they themselves conferred upon the trial judge all of the authority over the questions of fact which the jury would have otherwise had, including the power to discredit the testimony of either party, unless Peetsch's testimony was corroborated by other testimony; and the court below was not bound, as a matter of law, to credit the statement of the defendant, an interested party, and given in his own behalf, though not contradicted by any other witness. *Kearney* v. *Mayor, etc.*, 92 N. Y. 621; *Elwood* v. *Telegraph Co.*, 45 N. Y 553; *Sipple* v. *State*, 99 N Y 290, 1 N. E. Rep. 892, and 3 N. E. Rep. 657. There was no request on the part of the defendants to submit any question of fact to the jury. There was no evidence offered on the part of the defendants to contradict the testimony of the plaintiff Auerbach as to the transaction between himself and Moonelis, when plaintiff received the note upon the surrender of the original note. The trial justice having directed a verdict, there was no error under the circumstances.

In *Stratford* v. *Jones*, 97 N. Y. 589, RAPALLO, J., says: "We do not think that the testimony conclusively proved the fraud alleged, so as to entitle the plaintiff to a direction of a verdict in his favor. At most the evidence raises a question of fact which might have been submitted to the jury. No request to that effect was made, but both parties requested the court to direct a verdict. Under these circumstances, it has often been held that the parties must be deemed to have submitted the questions of fact, if any, to the decision of the court, and waived the right to go to the jury. The decision of the court, therefore, stands in the place of a verdict of the jury; the evidence being such that a verdict for the defendants could have been sustained. The direction to find such a verdict was not error, under the circumstances." See, also, *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795; *Kirtz* v. *Peck*, 113 N. Y. 225, 21 N. E. Rep. 130. In *Royce* v. *Watrous*, 7 Daly, 88, where a question arose as to the direction of a verdict, DALY, C. J., says:

"A judge having ordered a verdict for the plaintiff, he must be regarded as ruling that the plaintiff was entitled to recover even upon the case as presented by the defendants' testimony, and in view of any inference which a jury might legitimately draw from the defendants' testimony from the whole of the evidence in the case." Unless some merit can be found in the other exceptions taken by defendants, they cannot avail, and we shall therefore consider the exceptions in the order taken. Defendants' counsel "asked the court for the affirmative of the issue before the jury. Motion denied. Exception." The plaintiffs, before they could recover, must show, as alleged in their complaint, that they were the lawful owners and holders of the note. The answer admits the making of the note, but alleges that the same was not delivered by the defendant Peetsch to the defendant Moonelis, or to any other person or persons, and that defendant never received any value therefor from the defendant Moonelis, or from any other person or persons, of all of which the plaintiffs had notice. Also that the plaintiffs did not purchase said note for value, in good faith, from the defendant Moonelis, and did not part with any value therefor, and that plaintiffs are not the lawful owners or holders thereof. It became necessary, therefore, for plaintiffs to produce the note to show delivery by defendant Peetsch to defendant Moonelis, from whom plaintiffs received the note, and also to show that he had no knowledge or notice that the note had been diverted by Moonelis or wrongfully taken by him. *Vosburgh* v. *Diefendorf,* 119 N. Y. 365, 23 N. E. Rep. 801. There is no merit, therefore, in this exception. Defendants' counsel asked defendant Peetsch, a witness: "*Question.* Under what circumstances was this note made? (Objected to, that no such defense was offered or pleaded.) *The Court.* The only defense in the case under the pleadings is the non-delivery of the note. (Objection sustained. Exception.)" There was no error, we think, in this ruling. There are no merits in the fifth exception. The judgment appealed from must therefore be affirmed, with costs to the respondents.