(23 Misc. Rep. 119.)

BATCHELOR v. HATIE.

(Supreme Court, Appellate Term. March 28, 1898.)

SECONDARY EVIDENCE.

> In an action to recover upon a contract of fire insurance, consisting of a "binder," alleged to have been made and delivered by an agent of defendant, the plaintiff offered in evidence a copy thereof made by the person who issued it, from memory, some time after the loss occurred, and its accuracy was vouched for by the latter under oath. *Held* that, in the absence of an examination of plaintiff and his assignors, the insured, as to the existence of the original paper, with a view of establishing its loss, and of a satisfactory showing that all reasonable efforts had been exhausted, without success, to discover it, no sufficient foundation for the secondary evidence had been laid.

Appeal from First district court.

Action by George Batchelor against Joseph C. Hatie. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Bainbridge Colby, for appellant.

Otto Kempner and Otto H. Droege, for respondent.

BEEKMAN, P. J. It was of paramount importance for the respondent to show that there was a binding contract for the insurance to recover which this action was brought, before the fire which caused the loss took place. It is conceded that no formal policy of insurance had then been issued, but the claim was made that what is known in insurance parlance as a "binder" had been made in writing and delivered to the insured by the duly-authorized agent of the appellant the day before the fire took place. The appellant denies that any such binder was issued, and also contends that, if it had been, the person who assumed to do it was not an agent of the company vested with either actual or apparent authority to bind it in that way. Upon the trial the justice admitted in evidence, over the objection of the appellant, a paper which was conceded to be merely a copy of the alleged binder, made by the person who issued it, from memory, some time after the loss had taken place, and the liability of the appellant therefor had been brought in question. The substantial accuracy of this so-called copy was vouched for under oath on the trial by the alleged agent of the company who had prepared the original. We are, however, of the opinion that a sufficient foundation for secondary evidence of this character had not been laid. Presumably, the original paper, if it existed at all, was in the possession of the respondent, or of his assignors, the insured. They should have been examined with respect to the existence of the original paper, with a view of establishing its loss,

and it should have been satisfactorily made to appear that every reasonable effort had been exhausted by them for the discovery of the original, without success, before parol evidence of its contents should have been admitted. We find among the exhibits in the case a letter, written by the alleged agent of the company who is said to have given the binder in question, dated August 25, 1896,—some three months after the fire,—in which he asks the plaintiff's assignors, the insured, to send him a copy of such binder which had been given to them. They were not, however, examined with respect to their possession of it. Whether they ever saw it, or who actually received it, if they knew, from the alleged agent of the appellant, or where it was placed after it was received, does not appear. Those who presumptively would have had possession of such paper, as well as those who had at any time actually seen it, should have been particularly examined on this subject. In short, it should have been made to appear that every reasonable effort had been made for its discovery and production. Kearney v. Mayor, etc., 92 N. Y. 617. In the case above cited the court says (page 621):

"The general rule is that the party alleging the loss of a material paper, where such proof is necessary for the purpose of giving secondary evidence of its contents, must show that he has in good faith exhausted, to a reasonable degree, all the sources of information that means of discovery which the nature of the case would naturally suggest, and which were accessible to him."

It is also stated in the same case that:

"It has repeatedly been held that the person last known to have been in possession of the paper must be examined as a witness, to prove its loss, and that, even if he is out of the state, his deposition must be produced, if practicable, or some good excuse given for not doing so."

We are of the opinion that the respondent has entirely failed to satisfy the requirements of the rule. It was therefore error to admit secondary evidence of the contents of the paper in question, for which the judgment must be reversed. While we think, from the proofs before us, that the authority of the alleged agent of the appellant to issue the binder is open to doubt, we consider it advisable not to pass upon the question now, but to leave it an open one, so far as the determination of this appeal is concerned, in view of the fact that there must be a new trial, upon which there may be additional evidence on the subject.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.