Shohl, P. J.
Plaintiff in error, Louis Weisenberg, was convicted of arson on an indictment charging him with burning certain household goods with intent to prejudice the insurer.
The defendant, accompanied by his brother-in-law, left his residence in Cleveland at about 2 p. m. on the day of the fire. He went to Massillon to attend a celebration, leaving Cleveland on the five-o’clock train. At 8:45 of that evening a fire broke out at the house in which he lived. It appeared that he had a policy of insurance in the sum of $500, and, after the fire, he made a claim against the company for the full .amount thereof, filing proof of loss aggregating $656.50. The prosecution contended that the value of the insured property was less than $500, and that the actual loss was under $300. These elements were important to show the criminal intent necessary to establish the offense. It was proved in the following manner:
At the trial one Frank C. Carroll, a fire insurance adjuster, testified, over the objection of defendant, that an award had been made by appraisers stating that in their judgment the actual loss was $287.50, and that the value of the property before the fire was $400. The award itself was not produced and the witness stated that to the best of his recollection it was in the hands of the attorney for the insurance company at Columbus.
The admission of the foregoing testimony constituted prejudicial error. It was not proper to *274 prove the value of the goods by the written certificate of some person not sworn as a witness, to the effect that in his opinion the value was a certain amount. Such evidence is mere hearsay and subject to all the infirmities thereof.
It is a fundamental principle that in a criminal prosecution the accused has not only the right to be heard by himself or counsel, but to meet the witnesses face to face, and to require the testimony against him to be under the sanction of an oath; and the witnesses must be subject to proper cross-examination. The admission of the contents of 'the certificate of award was in substance granting the state the benefit of the testimony of the appraisers without giving the accused the foregoing rights. 1 Greenleaf on Evidence (16 ed.), Sections 99 and 99A; Farrington v. State, 10 Ohio, 354, and Whalen v. State, 12 C. C., 584.
'But, even if the certificate was competent, secondary evidence of its contents was not admissible, without accounting for its absence and without proof that reasonable diligence had been exercised to secure its production at the trial. See Simpson & Co. v. Dall, 3 Wall., 460, 475; Brown v. Harkins, 131 Fed. Rep., 63; Kearney v. Mayor of City of New York, 92 N. Y., 617; 1 Greenleaf on Evidence (16 ed.), Section 563B; Clark v. Longworth, Wright, 189, and Cochran v. State, 25 C. C., N. S., 430.
If the document was in the hands of the insurance company at Columbus, the state had power to produce it.
In view of the foregoing it will not be necessary *275 to consider the weight or sufficiency of the evidence.
The judgment will be reversed.

Judgment reversed.

Hamilton and Cushing, JJ., concur.
Judges of the First Appellate District, sitting in place of Judges Dunlap, Vickery and Wash-burn, of the Eighth Appellate District.