SAMUEL MAIMES, Plaintiff, *v.* THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Defendant.

(Supreme Court, Monroe Special Term, July, 1920.)

New trial — when motion for, on the minutes, denied — trial — evidence — insurance (fire).

> The appraisal clause in the standard fire insurance policy has no application to a case where the company denies its liability but applies only where there is a disagreement as to the amount of the loss or damage.
>
> Where the evidence as to the amount of loss furnishes a rational basis for a verdict the case should go to the jury, and if it be a reasonable conclusion from the evidence, the verdict should stand, and a motion for a new trial on the minutes will be denied.

MOTION for a new trial on the judge's minutes.

Louis E. Fuller, for motion.

McGuire & Wood (J. Sawyer Fitch, of counsel), opposed.

RODENBECK, J. The defendant insurance company was not required to accede to the request of the plaintiff for an appraisal under the clause in the standard fire insurance policy included between lines 159 and 175.

Upon the failure of the company to select an appraiser upon the request of the insured, he is permitted to commence an action under the policy. This clause in the contract is a collateral agreement to the main agreement (*Mark* v. *National Fire Ins. Co.,* 24 Hun, 565; *Gibbs* v. *Continental Ins. Co.,* 13 id. 611) which is one to pay the actual cash value of the property lost or damaged. The clause relating to suits between lines 192 and 196 provides that no action shall be sustainable " unless all the requirements of this policy shall have been complied with," but there is no provision that the insured shall make a demand for an appraisal. On the contrary the provision is that each party shall " on the written demand " of the other party select an appraiser so that before the insured was required to act under the appraisal clause, the company was required to make a written demand for the appraisal. *Gibbs* v. *Continental Insurance Co., supra.* If the company did not make such a demand within a reasonable time the insured would have the right to assume that the company had waived its privilege under the appraisal clause. *Uhrig* v. *Williamsburgh City F. I. Co.,* 101 N. Y. 362; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.,* 169 id. 304. On the other hand if the insured did not make such a demand the company had the right to assume that he had waived his right to ask for the appraisal. In any event the clause only applies to a case where there is a disagreement " as to the amount of loss or damage " and not to a case where the company denies a liability. *Lasher* v. *Northwestern Nat. Ins. Co.,* 18 Hun, 98. In the case at bar such a liability was denied and, therefore, the clause did not apply and neither party was required to accede to the request of the other for an appraisal. In a proper case coming within the language of the appraisal clause if the company makes a demand for an appraisal, the insured

42

must comply because his contract provides that he shall not sue unless he has complied with the requirements of his contract. *Silver* v. *Western Assurance Co.,* 164 N. Y. 381; *Hamilton* v. *Liverpool, London & Globe Ins. Co.,* 136 U. S. 242; 19 Cyc. 880. But if the insured makes a demand the company is not required to comply with his request as there is nothing in the contract to that effect. The only effect of such a refusal or of action in bad faith thereunder is to permit the insured to sue on his policy. *Bishop* v. *Agricultural Ins. Co.,* 130 N. Y. 488; 19 Cyc. 880. No such results as are claimed by the plaintiff in this action follow the failure of the insurance company to accede to the demand for an appraisal. To give such a refusal the effect claimed, namely, that the company has waived its right to contest the amount of the loss and is precluded from offering evidence on that issue, it would be necessary to point to some provision in the contract imposing that result upon such a failure. In the absence of any other consequences provided in the contract the only effect of the refusal as stated is to permit the plaintiff to commence an action on the policy.

The evidence presented by the insurance company as to the amount of the loss was not as satisfactory as might be desired but nevertheless it was some evidence with that of the plaintiff to go to the jury upon that subject. It is only in a case where there is no evidence which means that there is insufficient evidence (*Matter of Case,* 214 N. Y. 199, 203), that the court is required to nonsuit, direct a verdict or grant a new trial on the minutes. *Benoit* v. *Troy & Lansingburgh R. R. Co.,* 154 N. Y. 223. It can not be said that the evidence in this case was insufficient. Insufficient evidence would be such evidence from which no reasonable inference could be drawn. Evidence may be loose

and inconclusive or general and indefinite but is still sufficient if a reasonable inference can be drawn from the evidence upon which to base a rational verdict. All of the evidence admitted was relevant, that is, it had a logical bearing and probative value upon the issue as to the amount of loss and the only question raised by the plaintiff is as to the strength of the evidentiary structure to sustain a verdict. The evidence was clearly sufficient for that purpose. On behalf of the defendant there was the testimony of the firemen who put out the fire and the photographs showing that the loss was not as extensive as the plaintiff claimed. Photographs may be the strongest possible evidence, as for instance, where a total loss is claimed and the photographs show that only an inconsiderable portion of the property was destroyed. The claim made by the company in this case was that the photographs and the testimony of the firemen and of Quackenbush and Patten and discrepancies between the inventory and proofs of loss showed that the loss was not by any means as extensive as claimed and testified to by the plaintiff. The fact that the plaintiff had made an inventory of the property shortly before the fire and presented a definite detailed statement of his loss is not binding upon the company as such a course would be likely to be taken by one who contemplated a fire loss. The credibility of plaintiff it is also claimed was impeached by his examination under oath under the policy and thus presented a question for the jury. *Kearney* v. *City of New York,* 92 N. Y. 617; *Joy* v. *Diefendorf,* 130 id. 6. It is not strange that the company did not have an inventory prior to the fire or that it did not make an inventory of the property after the fire. To hold that such evidence is necessary in order to present a case for the jury would put insurance companies at the mercy of dishonorable policyholders. All that is

required of the company is to present the best evidence that it has under the circumstances and such evidence will be sufficient if it is enough to permit reasonable inferences to be drawn by the jury as to the amount of the loss. In many of these cases as in other actions, such as torts, it may be impossible to present definite evidence of the amount of the loss or damage. After the plaintiff had introduced his evidence as to the amount of loss and thus created a *prima facie* case the defendant put in evidence which impaired that case and if by the plaintiff's failure to introduce further evidence the whole case as to the exact amount of loss was left, as he claims, loose and indefinite, it was as much his fault as that of the defendant. The failure to call Morton, if he was available, to corroborate Quackenbush was a matter from which the jury might draw such reasonable inferences as they deemed proper but it is not a ground for granting a new trial. The motion for new trial is therefore denied, with ten dollars costs to abide the event.

Motion denied, with ten dollars costs to abide event.