Brewster, J.
Appellants appeal from an order of the Supreme Court directing each of them to proceed with petitioner to an arbitration under the provisions of article 84 of the Civil *455 Practice Act. The controversy arises over an appraisal and determination of the amount of loss claimed by petitioner-respondent under policies of fire insurance issued by said companies which insured him against loss sustained bv business interruption due to fire.
Petitioner suffered loss and damage by fire in one of his warehouses upon which each of the appellant companies had issued a standard policy of fire insurance. Each of the policies contained a supplemental contract insuring petitioner against loss by reason of total or partial suspension of business due to fire, and each of them contained an appraisal clause to the effect that if the insurer and the insured were “ * * * unable to agree as to the value of the subject matter of this insurance, or the amount of loss thereunder, * * * the same shall be determined by appraisal in the manner provided by this policy.” The main policies carried the standard appraisal clause as required by law. (Insurance Law, § 168, subd. 6.)
There is no controversy as to the policies having been in force; and the loss sustained by fire damage to the physical property had been agreed upon and paid. The record shows that negotiations were entered into between the parties respecting the loss claimed under the supplemental contract by reason of business interruption and that the parties were unable to agree in that matter — the petitioner claiming some $12,000 loss whereas the appellant companies have taken the position, after negotiation and investigation, that no such loss whatever was sustained. The petitioner duly complied with the appraisal clauses set forth in his policies but the appellants refused to proceed thereunder. Thereafter this proceeding was brought to compel an arbitration as to the amount of loss under the supplemental part of the policies insuring against loss by business interruption, and the appellants resist this upon the ground that the appraisal clauses in the policies did not constitute a contract to settle such a controversy by arbitration.
It is clear that prior to 1941, the clauses in the contract with reference to appraisal did not constitute enforcible agreements to arbitrate controversies which arose thereunder. This is made clear in the folloAving among many cases. (Matter of Fletcher, 237 N. Y. 440; Matter of American Ins. Co. 208 App. Div. 168; Strome v. London Assurance Corp. 20 App. Div. 571; Garr v. Gomez, 9 Wend. 649.)
Prior to 1941, there was no remedy to compel the ascertainment of loss in the manner stipulated in the appraisal clauses, the mechanics of which, substantially at least, constituted an arbitration. (Hardware Dealers Mutual Fire Ins. Co. v. Glidden Co., 284 U. S. 151.) However, the insurer had a means of com- *456 polling it indirectly, since the insured, in order to maintain an action upon the policies, was hound to prove his compliance with all of the policy’s terms and conditions, and his refusal to accept The insurer’s demand for an appraisal was a noncompliance which was fatal to his cause of action. (Silver v. Western Assurance Co., 164 N. Y. 381.) On the other hand if he demanded an appraisal, the only effect of the insurer’s refusal was its subjection to an action. (Bishop v. Agricultural Ins. Co. 130 N. Y. 488; Maimes v. Automobile Ins. Co., 112 Misc. 656, affd. 196 App. Div. 921.)
The Arbitration Law (Civ. Prac. Act, art. 84, § 1448) provides, as it has for a great many years, that “* * * two or more persons * * * may contract to settle by arbitration a controversy thereafter arising between them and such contract * * * shall be valid, enforceable and irrevocable * * * To the foregoing provision there was added in 1941 (L. 1941, ch. 288), an amendment, the part thereof pertinent to the instant matter being as follows: 6 ‘ Such * * * contract may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties. ’ ’
Does the aforesaid amendment granting a permission or allowance of such ‘ ‘ inclusion ’ ’ embrace a case or situation Avhere the contract to arbitrate includes only the subject matter stated in the amendment! Basically that is the question presented. Unless the aforesaid 1941 amendment be construed so as to make affirmative answer to this question, then it accomplished nothing. It made no innovation upon existing law unless it permits the questions it describes, one or more of them, to constitute the subject matter of an enforcible agreement for the settlement of a controversy arising therefrom by arbitration.
If we take the víbav that, in permitting the submission or contract to “ include ” the questions described, the amendment means that the matters referred to must be- accompanied by such complete admeasurement of an arbitral controversy that the award would be conclusive upon the ultimate rights, then, in that view, the amendment in itself would have no office because priorly only such an entirety of controversy was arbitral. (Matter of American Ins. Co., 208 App. Div. 168, 170, supra.) The amendment is remedial in character and should be liberally construed (People ex rel. Purdy v. Fitch, 147 N. Y. 355, 359; Carpenter v. Manhattan Life Ins. Co., 22 Hun 49, affd. 93 N. Y. 552), and be interpreted workably. It is presumed to have been intended to serve some useful purpose. (Travelers Ins. Co. v. *457 Padula Co., 224 N. Y. 397, 404.) A construction which thus vitalizes it constitutes the appraisal agreement in the policies within its reach as a valid and enforcible contract to settle the instant controversy by arbitration.
Appellants contend that the fact of their claim that petitioner sustained no loss whatever by reason of business interruption renders the appraisal clause inoperative. This seems specious unless grounded upon the premise of the omission of the wholeness of the controversy. As aforestated it is our view that the 1941 amendment tolerates such omission. However, since the existence of the policies, their protection and the damaging fire is not disputed, it seems that this is a case where in practical effect the entirety of a controversy is encompassed in the appraisal as to what loss, if any, was sustained. The order should be affirmed.
Heffernan, Dbyo, Santry and Bergan, JJ., concur.
Order affirmed, with $50 costs and disbursements. [See post, p. 1005.]