BARBARA GREENFIELD, Plaintiff, *v.* MELVYN N. THALER, Defendant.

Civil Court of the City of New York, Trial Term, New York County, January 25, 1967.

*Samuel D. Pressman* and *Saul I. Radin* for plaintiff.  *Melvyn N. Thaler,* defendant in person.

BERNARD WEISS, J.  Plaintiff wife, appearing by attorney, commenced this action against her husband, himself an attorney appearing *pro se,* in Small Claims Part, and the same has been transferred to the Non-jury Day Calendar for trial. She sues upon a written separation agreement made on April 4, 1961, to recover arrears of weekly support for their infant child and

her disbursements for the child's clothing, eyeglasses and school cafeteria. The parties have since been divorced and plaintiff has remarried, but litigation has continued between them in the New York Supreme Court involving, defendant claims without contradiction, construction of the very provisions of the agreement here in controversy. There is still another Small Claims action pending for additional arrears of support and dental care for the child.

The parties are in dispute, first, as to whether, under the agreement, weekly support was conditioned upon or independent of defendant's right to visit the child, and, second, whether the agreement contemplated his payment of expenses arising out of the child's enrollment in private rather than public school. The written agreement was not produced and plaintiff sought to establish that it was a lost document as a basis for the admissibility of secondary evidence as to its contents. The court admitted secondary evidence of the disputed provisions and reserved decision on defendant's blanket objection and motion to strike on the ground of lack of a proper foundation.

The proposed foundation consisted of plaintiff's testimony that she had turned over the agreement to her attorney of record herein, and the latter's testimony that it was thereafter stolen. Defendant was likewise unable to produce his copy. It transpired that at the time of the execution of the agreement plaintiff was represented by other counsel, whom the court finds listed in the current Manhattan telephone directory. Yet, it did not occur to plaintiff, having the burden of proof, to produce or explain the absence of her former counsel, who might well have a copy of the agreement, as is not uncommon, or, if not, whose stenographer might still be available with her notes, as is also not uncommon. (Failing these alternatives, the testimony of such counsel as to the contents of the entire agreement would be more enlightening than the fragments to which the parties have confined the court.) Plaintiff has thus not shown that she " has in good faith exhausted, to a reasonable degree, all sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to " her (*Kearney* v. *Mayor,* 92 N. Y. 617, 621). She has consequently failed to lay a proper foundation for the introduction of secondary evidence as to the contents of the agreement, and the objection thereto is sustained and the motion to strike is granted. Accordingly, the action must be dismissed, albeit without prejudice for the reasons stated below.

This action was tried as a small claim, but the court does not reach the question of the impact of section 1804 of the New

York City Civil Court Act upon the best evidence rule. That section provides: "Informal and simplified procedure on small claims. The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence, except statutory provisions relating to privileged communications and personal transactions or communications with a decedent or lunatic. The provisions of this act and the rules of this court, together with the statutes and rules governing supreme court practice, shall apply to claims brought under this article so far as the same can be made applicable and are not in conflict with the provisions of this article; in case of conflict, the provisions of this article shall control."

Although now stricken out, the proffered secondary evidence suggests that it would be premature to subordinate the best evidence rule to section 1804 at this stage of the controversy. In proof of defendant's obligation of support under the agreement, plaintiff relied primarily on defendant's admission to that effect in an affidavit submitted by him in their Supreme Court litigation. Defendant conceded this obligation at the trial. However, plaintiff introduced no secondary evidence as to any conditions attached to his agreed right of visitation. Defendant's admitted liability for support is therefore inconclusive on the question as to whether visitation was contingent on support or vice versa, especially in view of the bitterness between the parties on the issue of whether plaintiff has properly deprived defendant of visitation. In the same affidavit defendant asserted that his liability for the expense of the child's schooling was conditioned in the agreement on his consent to the school chosen. This the plaintiff did not contradict. She further conceded that defendant had not consented to the private school in which she had enrolled the child and she did not rebut his testimony that he had affirmatively objected thereto. Nor did she controvert defendant's contention that the construction of this provision has been in controversy in the Supreme Court litigation. Finally, as indicated above, plaintiff rested her case on her version of the fragments of the agreement in issue, without offering any evidence of its entire text. The agreement should, of course, be read as a whole, and the court is entitled to seek illumination of the terms in dispute in the context of the entire agreement rather than in reliance on the partisan and truncated versions of the parties.

Under the circumstances, a determination upon the vague and inconclusive record before the court might well work an

injustice rather than do " substantial justice " (CCA, § 1804; cf. *Levins* v. *Bucholtz,* 2 A D 2d 351).

In default of greater diligence on the part of plaintiff in the direction of producing a copy of the agreement or broader secondary evidence in the event of its unavailability, it would be premature for the court to cast the best evidence rule to the winds in reliance on section 1804 of the New York City Civil Court Act.

Judgment for defendant dismissing the complaint, without prejudice.