FREDERICK W. WURSTER et al., Composing the Firm of FREDERICK W. WURSTER AND COMPANY, Respondents, *v.* WILLIAM W. ARMFIELD, Appellant.

1. INSANE PERSONS. Incompetent persons are wards of the court, upon which a duty devolves of protection both as to their persons and property — the duty is not limited to cases only in which a committee has been appointed, but it extends to all cases where the fact of incompetency exists.

2. SPECIFIC PERFORMANCE — WHEN EVIDENCE OF INCOMPETENCY IS ADMISSIBLE IN ACTION FOR. Upon the trial of an action to compel the specific performance of an agreement to renew a lease in which the defendant alleges that he is and has been for some time, by reason of paresis, an incompetent person, the exclusion of evidence that at the time fixed for the renewal he was mentally incompetent and unable to execute any paper and that he was unable to select any appraiser to determine the value of the premises as was provided in the lease, is erroneous, although at that time no committee had been appointed of his person or estate, in a case where the plaintiff has parted with nothing that operates to his prejudice; it is the duty of the court to take the evidence and protect the defendant's interests and to determine whether or not in such a case specific performance should be denied; it has ample power under section 2345 of the Code of Civil Procedure to carry out the provisions of the contract of renewal and at the same time protect the interests of the defendant.

3. LEASE — WHEN APPRAISAL TO DETERMINE RENEWAL VALUE IS NOT A SUBMISSION TO ARBITRATION UNDER CODE CIV. PRO. §§ 2365 ET SEQ. Under a provision in a lease that if the parties at the time fixed for its renewal do not agree upon the value of the premises, then it should be determined by two disinterested, competent, then owners of real estate in the immediate vicinity of the demised property, or real estate agents or brokers well versed in the value of such property in that vicinity, one of whom should be chosen by each of the parties to the lease, and if they are unable to agree they should choose a third person and a decision of the majority of the three should be final; but if no two of them agree the average of the values determined upon by the three should be accepted,

an appraisal is not the submission of a controversy to arbitration within the meaning of sections 2365, 2368 and 2369 of the Code of Civil Procedure — it is an appraisal made under the provisions of the contract for the purpose of fixing the amount that should be paid by the tenant and included in his contract.

*Wurster* v. *Armfield,* 67 App. Div. 158, reverse

(Argued May 15, 1903; decided June 2, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1902, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira Leo Bamberger* for appellant. The court erred in excluding evidence that since January 1, 1899, the defendant had been incompetent, by reason of lunacy, to manage his affairs, and in refusing to try the issue of the sanity of the defendant at the date of the appraisal. (*Merritt* v. *Merritt,* 43 App. Div. 68 ; 27 App. Div. 210 ; *Booth* v. *Fuller,* 35 App. Div. 117 ; *Goodyear* v. *Adams,* 5 N. Y. Supp. 277 ; 119 N. Y. 650 ; *Johnson* v. *Stone,* 35 Hun, 380 ; *Van Dusen* v. *Sweet,* 51 N. Y. 378 ; *M. L. Ins. Co.* v. *Hunt,* 79 N. Y. 541 ; *Riggs* v. *A. T. Society,* 84 N. Y. 330 ; *Bailey* v. *Aldrich,* 132 N. Y. 87 ; *Davis* v. *Lane,* 10 N. H. 156 ; *Matthiessen* v. *McMahon,* 38 N. J. L. 536.) The provisions for an appraisal contained in the lease are provisions for an arbitration, and the arbitrators are bound by those rules of the common law which regulate arbitrations, and by the statutory rules, in so far as the latter apply to common-law arbitrations. (*Brown* v. *Lyddy,* 11 Hun, 451 ; *Van Cortlandt* v. *Underhill,* 17 Johns. 405 ; *Lorenzo* v. *Deery,* 26 Hun, 447 ; *McMahon* v. *Erie,* 20 N. Y. 463 ; *Knowlton* v. *Mickles,* 29 Barb. 469 ; *Peters* v. *Newkirk,* 6 Cow. 103 ; *Thomas* v. *W. J. R. R. Co.,* 24 N. J. Eq. 568 ; *Bushley* v. *Collier,* 26 Md. 534 ; *Dicken-*

*son* v. *R. R. Co.*, 7 W. Va. 390; *Billings* v. *Billings*, 110 Mass. 225.) The appraisers being arbitrators, it follows, apart from the general rules of law as to the competency of lunatics to contract, any submission to arbitration by appellant is invalid under the statute. (Code Civ. Pro. § 2365; *Riggs* v. *A. T. Society*, 84 N. Y. 330; *Carter* v. *Beckwith*, 128 N. Y. 312; *Bulson* v. *Lohnes*, 29 N. Y. 291; *Olcott* v. *Wood*, 14 N. Y. 32.) In a submission to arbitration, either at common law or under the statute, an award made without notice of the hearing is void. (*Elmendorf* v. *Harris*, 23 Wend. 628; *Lutz* v. *Linthicum*, 8 Pet. 178; *Brown* v. *Lyddy*, 11 Hun, 451; *Day* v. *Hammond*, 57 N. Y. 179; *McMahon* v. *E. R. R. Co.*, 20 N. Y. 463.) The failure of the arbitrators to be sworn invalidated all their proceedings. (*Day* v. *Hammond*, 57 N. Y. 484; *Wells* v. *Lain*, 15 Wend. 103; *Cope* v. *Gilbert*, 4 Den. 347.)

*Joseph A. Burr* for respondent. The court did not err in excluding testimony offered in behalf of the defendant as to his mental condition in the autumn of 1899. (*M. L. Ins. Co.* v. *Hunt*, 79 N. Y. 541; *Rogers* v. *McLean*, 34 N. Y. 542; *Brown* v. *Miles*, 61 Hun, 458; *Pharis* v. *Gere*, 110 N. Y. 336; *Matter of Otis*, 101 N. Y. 580; *Skinner* v. *Tibbitts*, 13 Civ. Pro. Rep. 370; *Rumberg* v. *Johnson*, 5 N. Y. S. R. 861; *Boylston's Appeal*, 53 Wis. 612.) The failure of the appraisers appointed to fix the value of this land to be sworn, and their omission to call witnesses before them or to give any notice of the hearing, or to acknowledge the certificate of their decision, are not fatal defects so that the decision of the appraisers fixing such value is invalid. The proceedings to fix the value of the said land for the purpose of establishing the rent to be reserved was not an arbitration, either under the provisions of the Code of Civil Procedure or at common law. It was a mere reference of a collateral fact, and was properly termed an appraisement and not an arbitration. (*Brink* v. *N. H. F. Ins. Co.*, 5 Robt. 104; *Elmendorf* v. *Harris*, 5 Wend. 521; *Garr* v. *Gomez*, 9 Wend. 649; *Wiberly*

v. *Matthews*, 91 N. Y. 648; *Sweet* v. *Morrison*, 116 N. Y. 19; *Cobb* v. *D. M. Co.*, 108 N. Y. 463; *Norton* v. *Gale*, 95 Ill. 533; *Cal. Ann. Con.* v. *Seitz*, 74 Cal. 287; *Palmer* v. *Clark*, 106 Mass. 373; *Robins* v. *Clark*, 129 Mass. 145.)

HAIGHT, J. This action was brought to compel the specific performance of an agreement to renew a lease for a period of ten years.

In November, 1889, one Mary Rebecca Armfield executed and delivered to the plaintiffs a lease of three lots of land belonging to her on the easterly side of Kent avenue, in the city of Brooklyn, for a period of ten years, at an annual rental of $1,200.00 per year. The lease contained a covenant that the lessees should be entitled to a further demise of the premises for an additional term of ten years from November 1st, 1899, provided that they gave notice of their desire to renew such lease, in which case the landlady bound herself to enter into a written agreement of lease at a rental which, if not otherwise mutually agreed upon, should be five per cent per annum of the value of the lots on the 1st day of August, 1899. It further provided that if the parties did not agree to such value before September 1st, 1899, then such values should be determined by two disinterested competent then owners of real estate in the immediate vicinity of such demised property, or real estate agents or brokers well versed in the value of such property in that vicinity, one of whom should be chosen by each of the parties to the lease; and if they were unable to agree they should choose a third person, and a decision of the majority of the three should be final; but if no two of them agree the average of the values determined upon by the three should be accepted. After the execution of this lease Mary Rebecca Armfield conveyed the premises in question to the defendant, who is now the owner thereof.

It further appears that the plaintiff desired a continuation of his lease for the second period of ten years, and, pursuant to the provisions of the lease, gave to the defendant due notice

of such desire.   Thereupon appraisers were appointed by or on behalf of the respective parties, who, being unable to agree, appointed an umpire, who, with the appraisers selected by the plaintiff, fixed the value of the premises at $11,500.00, which, under the contract, made the yearly rental $575.00, less than half the rent payable under the contract for the first period of ten years.   Upon the failure of the defendant to execute the renewal lease at the rental fixed by the appraisers, this action was brought to compel specific performance on his part.   The answer interposed puts in issue most of the allegations of the complaint and sets up separate defenses, to the effect that in 1897 the defendant was attacked by a mental disease, in which his mind began to fail, and that for the past year he has been afflicted with progressive paresis ; that he was seventy-four years of age and his ailment was incurable, and that ever since the 1st day of January, 1899, he has been, and now is, incompetent to manage himself or his affairs, in consequence of lunacy, idiocy or imbecility arising from old age, loss of memory and understanding, and other causes.   It is further alleged that the appraisers who signed the award were biased against the defendant ; that their action was unfair and subversive of his rights ; that the award did not represent the actual and honest value of the premises, but was grossly inadequate and partial to the plaintiff, and that the submission to arbitration and the determination of the arbitrators were void, for the reason that the defendant was at the time incompetent to manage his affairs by reason of lunacy.

Upon the trial of this action the defendant's counsel offered testimony tending to prove that the defendant was of unsound mind and memory, incompetent to manage his affairs at the time the notice of the renewal of the lease was served upon him, and that from that time on he had been mentally incompetent to select any appraiser or execute any paper.   All this evidence was excluded by the trial court, and an exception was taken to such exclusions.   At the conclusion of the evidence the court awarded judgment in favor of the plaintiff, that the defendant execute and deliver to the plaintiff a proper

lease of the premises in question for the period of ten years at the annual rental of $575.00 per year.

We think that the defendant's counsel had the right to show that the defendant, at the time the appraisers were selected, was an incompetent person by reason of insanity, and that he could not, and did not, appoint the appraiser who took part in the determination of the value of the premises ; and that the trial court erred in excluding the pertinent evidence offered to establish that fact. It is quite true that at that time no committee had been appointed of the defendant's person or his estate, and that the legal presumption of his competency still continued, and that a person dealing with him in good faith without knowledge of his incompetency would be protected by a court of equity, in so far as he had been induced to part with money or property. (*Mutual Life Ins. Co.* v. *Hunt*, 79 N. Y. 541.) But in this case the plaintiff has parted with nothing that operates to his prejudice. He was entitled to a renewal of his lease upon giving the notice required, and he is still entitled to have his contract enforced. In this action he is asking to have a lease for ten years signed by the defendant at an annual rental of $575.00, and among the issues tendered by the answer is, that the defendant is an incompetent person and, therefore, could not sign the lease or take part in the proceedings to determine the rental value of the premises.

It appears to us that it was the duty of the court to hear the evidence offered upon this subject and to determine whether specific performance should be decreed in case it should be apparent that the defendant was an incompetent and consequently had taken no part in the proceedings to determine the rental value of the premises. If some person had assumed to act as appraiser on behalf of the defendant, who had never been appointed by him, or if he acted under a writing which had been forged, the evidence certainly would have been material as bearing upon the question as to whether the defendant was bound by the award ; and no reason occurs to us why the evidence of his incompetency is not equally

pertinent upon that point. Incompetent persons become the wards of the court, upon which a duty devolves of protection both as to their persons and property. This duty is not limited to cases only in which a committee has been appointed, but it extends to all cases where the fact of incompetency exists; and if the contention of the defendant's counsel with reference to his condition is true, a case was presented in which the duty of protection of the defendant's interest devolved upon the trial court.

The claim is now presented on behalf of the plaintiff to the effect that, even though the defendant be an incompetent, the appraisement should be permitted to stand for the reason that it was fair and reasonable, and that the finding of the trial court to that effect has been sustained by the Appellate Division. We have carefully examined the findings of the trial court and have been unable to discover any such finding. The finding is that, " in accordance with the provisions of the said lease, the rental value thereof, and the price to be paid as rent thereof, was duly fixed at the sum of $575.00 per year." Not a word as to whether it was fair and reasonable. The learned Appellate Division, in its opinion discussing this branch of the case, takes into consideration the fact that the plaintiff had built a building upon the premises at an expense, as he claims, of $7,000.00, and expressed the opinion that the defendant will become the owner thereof at the expiration of the lease ten years hence. We shall not enter upon any discussion of the evidence, or consider the value of the building at the expiration of the lease, if it then exists and remains upon the premises. It is sufficient to say, with reference to this contention, that the contract embraced in the lease provided that the value of the premises should be determined independent of the building. Therefore, neither the arbitrators nor the court in determining the rental value had any right to consider the value of the building.

Again, if it be conceded that the defendant is an incompetent person, then what is to become of the judgment which the plaintiff has obtained herein? How is it to be enforced?

Is the court to declare an incompetent person guilty of contempt and lock him up until he signs the lease, or is the sheriff, with his deputies, going to compel him by main strength to sign the lease and thus comply with the requirements of the judgment? Of course nothing of the kind will be permitted or attempted. There is an orderly way in which the plaintiff may secure his rights. A court of equity has ample power to carry out the provisions of the contract, and at the same time to protect the interest of the incompetent person. Section 2345 of the Code of Civil Procedure provides that, "In either of the following cases, an action may be maintained against an infant, or a person incompetent to manage his affairs by reason of lunacy, idiocy, or habitual drunkenness, to procure a judgment, directing a conveyance of real property, or of an interest in real property. * * * 2. Where a valid contract for the sale or conveyance of the real property, or interest in real property, has been made; but a conveyance thereof cannot be made, by reason of the infancy or incompetency of the person in whom the title is vested." Section 2347 provides: "A judgment, directing such a conveyance, shall not be rendered unless the court, after hearing the parties, is satisfied that the conveyance ought to be made. Upon rendering final judgment to that effect, the court has power to direct the guardian of the infant's property, or the committee of the property of the lunatic or other incompetent person, or a special guardian appointed in the action, to execute any conveyance, or to do any other act, which is necessary, in order to carry the judgment into effect." These provisions apply to leases as well as conveyances. (Section 2348, subdiv. 3.) They furnish ample power under which the court can appoint a person not only to execute the lease, but to do any other act which is necessary in order to conform to the provisions of the contract. It is quite possible that the appointment of a committee is necessary in order to carry out these provisions of the Code (Sec. 2351), and it may be that all this may be accomplished under the action now pending; but whether or not it can, we do not express an opinion. We

now hold that the evidence with reference to the defendant's incompetency was material, and should have been received; and that of necessity disposes of this judgment.

There is one other question which we think we ought to determine in view of the fact that a new trial is to be had, and which may be material in case it should be found as a fact that the defendant was competent, and actually selected the appraisers who took part in the proceedings to determine the value of the premises. The appraisers took no oath of office, gave no notice of their meetings, and did not avail themselves of the testimony of any witnesses sworn before them as to the value of the property. In brief, they did not comply with the provisions of sections 2365, 2368 and 2369 of the Code. But we are of the opinion that the appraisal in this case was not a submission of a controversy to arbitration within the meaning of those provisions, but, instead, it was an appraisal made under the provisions of the contract for the purpose of fixing the amount that should be paid by the tenant and included in his contract.

The judgment should be reversed and a new trial ordered, with costs to abide the final award of costs.

O'BRIEN, BARTLETT, MARTIN, CULLEN and WERNER, JJ. concur; VANN, J., absent. .

Judgment reversed, etc.