ANDREW HOMNYACK, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*Statutes* — effect of amendment preserving part of existing statute but adding new matter.

Where an existing general statute is amended so as to leave it in full force and effect so far as it goes, and the only amendment consists in the addition of new matter, a limitation in the amendatory statute providing that such statute shall not affect pending suits or proceedings qualifies only the addition which is made to the pre-existing general law by the amendatory statute and does not qualify or limit the pre-existing general law itself.

In the case of a statute amended " so as to read as follows " the portions of the amended sections, which are merely copied without change, are not

to be considered as repealed and again enacted, but to have been the law all along.

Where an amendment preserves a portion of a section of the Code of Civil Procedure unaltered but adds new matter to the section, it is equivalent to an independent statute embodying the new matter.

The new matter added to section 834 of the Code of Civil Procedure by chapter 331 of the Laws of 1905 being to that extent equivalent to an independent statute, it was only this independent statute that was declared to be inapplicable to pending suits and proceedings.   The old matter in the Code section was unaffected by the limitation.

*Homnyack* v. *Prudential Ins. Co.*, 123 App. Div. 907, affirmed.

(Argued February 23, 1909; decided March 2, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ralph Earl Prime, Jr.*, for appellant.   The exclusion of the evidence of defendant's witness Hartmann was error. (L. 1905, ch. 331, §§ 1, 2.)

*Charles F. Wheaton* for respondent.   No reversible error was committed by the trial court in his ruling upon the admission of evidence.   (Code Civ. Pro. § 834.)

WILLARD BARTLETT, J.   This is an action upon a policy of life insurance.   The appeal presents only one point which we deem it necessary to discuss.   The defendant was not allowed to examine a professional nurse, who had been placed upon the stand as a witness for the defense, in regard to the ailment from which the insured person was suffering at the time when the witness attended her as such nurse.   The correctness of the ruling excluding this testimony involves a somewhat interesting question of statutory construction which may arise in other cases and upon which an expression of our views may, therefore, be useful.

Freda F. Hartman, whose testimony as to the physical condition of the insured the defendant attempted to introduce, saw the patient in the month of April, 1903. At that time the witness was a professional nurse, but not a registered nurse. She was employed by the Women's Institute of Yonkers to do special visiting among tuberculosis patients, to whom she gave advice and "nursed those patients that required nursing." She testified that she was not then a registered nurse, because at that time there was no law providing for the registration of nurses.

In April, 1903, section 834 of the Code of Civil Procedure read as follows :

" A person, duly authorized to practice physic or surgery, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity."

By chapter 331 of the Laws of 1904 this section was amended so as to read as follows :

"§ 834. *Physicians or professional or registered nurses not to disclose professional information.*— A person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity."

This was the first time that the privilege of physicians on the witness stand was extended to professional and registered nurses. The amendment took effect on September 1, 1904, so that professional and registered nurses enjoyed the same privilege as physicians under section 834 at the time of the trial of this action, which took place on January 17, 1907.

By the first section of chapter 331 of the Laws of 1905, section 834 of the Code of Civil Procedure was still further amended so as to read as follows :

" *Physicians or professional registered nurses not to disclose professional information.*— A person duly authorized to practice physic or surgery, or a professional or registered nurse,

shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity ; *unless, where the patient is a child under sixteen, the information so acquired indicates that the patient has been the victim or subject of a crime, in which case the physician or nurses may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry.*"

It will be observed that this amendment of 1905 left the pre-existing phraseology of section 834 unchanged as far as it went, and that the only effect of the amendment was to remove the privilege, and permit the disclosure of information acquired by physicians or nurses in treating their patients, where it should appear that the information so acquired indicated that the patient had been the victim or subject of a crime.

Section 2 of chapter 331 of the Laws of 1905, by the first section of which this amendment was added, reads as follows :

"Nothing in this act contained shall affect any actions or proceedings now pending."

The act took effect on September 1, 1905, at which time the present suit was pending, and it is the contention of counsel for the appellant that the provision in the second section that it should not affect any actions or proceedings then pending rendered the whole of section 834 of the Code of Civil Procedure inapplicable to this action and consequently that the witness Freda L. Hartman should have been allowed to testify to the information which she acquired concerning the physical condition of the insured while she was under her charge as a patient.

This argument is based on a misapprehension of the scope and effect of section 2 of chapter 331 of the Laws of 1905. The provision therein contained does not declare that nothing in section 834 of the Code of Civil Procedure "shall affect any actions or proceedings now pending." The provision is "that nothing in *this act* contained shall affect any actions or

proceedings now pending." The plain meaning of this is that the amendment added to section 834 by chapter 331 of the Laws of 1905 should not affect any pending actions or proceedings. It was the amendment which was not to have any effect upon suits already begun. The provision has no application to the pre-existing part of the section which remained unchanged by the amendment. That was left still in full force and effect.

Under the construction contended for we should have to hold that the legislature had abolished the law of privileged communications in favor of physicians so far as that law may have been applicable to innumerable litigations then pending in this state; and an intention thus to change a long-established rule of evidence is not to be imputed to the lawmakers in the absence of a clearer manifestation thereof than is to be found in this amendatory statute.

Where an existing general statute is amended so as to leave it in full force and effect so far as it goes, and the only amendment consists in the addition of new matter, a limitation in the amendatory statute providing that such statute shall not affect pending suits or proceedings qualifies only the addition which is made to the pre-existing general law by the amendatory statute and does not qualify or limit the pre-existing general law itself.

In the case of a statute amended " so as to read as follows" the portions of the amended sections which are merely copied without change "are not to be considered as repealed and again enacted, but to have been the law all along ; and the new portions, or the changed portions, are not to be taken to have been the law at any time prior to the passage of the amended act." (Sutherland on Statutory Construction, § 133.)

Where the amendment preserves a portion of a section of the Code of Civil Procedure unaltered but adds new matter to the section, it is equivalent to an independent statute embodying the new matter. (DENIO, Ch. J., in *Ely* v. *Holton*, 15 N. Y. 595.) The new matter added to section 834 of the Code of Civil Procedure by the act of 1905 being to

that extent equivalent to an independent statute, it was only this independent statute that was declared to be inapplicable to pending suits and proceedings. The old matter in the Code section was unaffected by the limitation.

We think that the learned trial judge was right in this case in refusing to permit the disclosure by a professional nurse of information acquired in attending a patient in her professional capacity ; and, therefore, that the exception to his ruling presents no error.  The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur.

Judgment affirmed.