In the Matter of the Application of The American Insurance Company, Respondent, for an Order Directing that Arbitration Proceed to Settle a Controversy between Petitioner and Max Wasserman, Appellant.

First Department, February 21, 1924.

Arbitration — proceedings to compel arbitration under alleged agreement contained in fire insurance policy — clause in policy providing for appointment of appraisers to fix amount of loss is not agreement to arbitrate under Arbitration Law, §§ 2 and 3.

A provision in a fire insurance policy that in case of disagreement as to the amount of loss or damage the insured and the insurer shall each appoint an appraiser and the appraisers so appointed shall designate an umpire who, acting with the appraisers appointed by the insured and the insurer, shall determine the amount of loss or damage, is not an agreement to arbitrate within the meaning of sections 2 and 3 of the Arbitration Law, since the appraisers are not authorized to pass on the question of the whole liability of the insurers but are restricted to the question of .damages, and, therefore, the insurer is not entitled to an order compelling the insured to submit the question of damages to arbitration.

Appeal by Max Wasserman from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1923, directing that a controversy existing between the parties hereto be arbitrated in the manner provided for in the policy of insurance herein and pursuant to the provisions of the Civil Practice Act and the Arbitration Law.

*David M. Palley*, for the appellant.

*Robert I. Rogin*, for the respondent.

McAvoy, J.:

The grievance of the appellant here is that an order directing arbitration under the appraisal clause in a standard fire insurance policy, which was granted below, is not warranted by the section of the Arbitration Law which permits compulsory enforcement of an agreement to arbitrate when contained in a contract.

The holding asked for is that the appraisal of the loss or damage resulting from fire, where the parties disagree as to the amount of loss incurred by the insured, cannot be compelled as though it were an agreement to arbitrate, because there is reserved to the insurer the right to contest its liability for the loss on all other grounds of relief from liability. Appellant also claims that the insurance company, by waiting until after suit had been started under the policy of insurance, lost its right to demand an appraisal.

The respondent contends that the appraisal provision of the policy comes within the purview of the Arbitration Law, since any award which the appraisers make is conclusive of the entire controversy because the only matter in dispute is the amount of damage. This assertion, however, is not borne out by any allegation of the petition nor by any concession in the record. The Arbitration Law, under which it is claimed that a compulsory order may be made, in section 2 (as amd. by Laws of 1921, chap. 14) reads: "A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the Code of Civil Procedure, or article eighty-three of the Civil Practice Act,* shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." Section 3 of the act provides for the method of enforcement of the agreement by court order. Section 6-a of the statute (as added by Laws of 1923, chap. 341) provides that such arbitration shall be deemed a special proceeding of which the court shall have jurisdiction.

The clause in the policy, under which it is claimed that an appraisal of damage should be referred to arbitrators, reads as follows: " In case the Assured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire

---

* Renumbered art. 84 by Laws of 1921, chap. 199, § 14.— [REP.

then, on request of the Assured or this Company, such umpire shall be selected by a judge of a court of record in the county and State in which the property insured was located at time of loss. The appraisers shall then appraise the loss and damage stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of sound value and loss or damage. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

There can be no doubt that this provision in the policy is a provision in a written contract to settle through an appraisal the amount of loss in controversy between the parties to the contract. If such an appraisal be equivalent to an arbitration in legal effect, then the right of petitioner is complete. A distinction, however, has invariably been observed between the reference of a collateral or incidental matter of appraisement or calculation, the decision of which is not conclusive as to the ultimate rights of the parties, except the mere matter of amount due, and the submission of all the matters that are in controversy between the parties for final determination upon the whole issue. The distinction has been preserved because the submission of a collateral fact or of a particular question, without making the whole controversy the subject of the determination of arbitrators, is not deemed a coercive means designed to put an end to the controversy between the contentious parties. The fulcrum of this ruling is that such an incidental reference of an amount due merely substituted the judgment of the appraisers for evidence of value on a collateral matter, and left the rest of the controversy open for adjudication in the legal forum. In such circumstances it has hitherto been considered that a decision on such a subject was not an award, nor was the referring of such a matter to appraisers a submission to arbitration.

The Arbitration Law does not make agreements to determine certain facts by appraisal arbitrations, if they had not such nature anterior to its enactment; and the rule persists that an agreement for the appointment of appraisers under the provisions of a policy of insurance to determine the amount of damages to insured property does not constitute an arbitration, since the appraisers are not authorized to pass on the question of the whole liability, but are restricted to the question of damages arising from a loss. The doctrine thus formulated has been frequently reiterated in this State, and it would be quixotic now to argue that the agreement for an appointment of appraisers to determine merely the amount of damage is a contract for submission to arbitration. Authorities

in this State have maintained the rule that the distinction between agreements for an appraisal of damage and arbitration of the whole dispute should be recognized.

In *Strome* v. *London Assurance Corporation* (20 App. Div. 571; affd., 162 N. Y. 627) the court's declaration was: " The appraisement and estimate under the New York standard policy of fire insurance is not the same proceeding as an arbitration and award at common law or under the Code. * * * " Appraisers are not bound to the strict judicial investigation of an arbitration. (*De Groot* v. *Fulton Fire Ins. Co.*, 4 Robt. 504.) A similar policy of ruling is found in the following cases: *Fleming* v. *Phœnix Assurance Co.* (75 Hun, 530); *Townsend* v. *Greenwich Insurance Co.* (86 App. Div. 323; affd., 178 N. Y. 634); *American Steel Co.* v. *German-American Fire Ins. Co.* (187 Fed. Rep. 730); *Freeman* v. *Ralph Realty Corporation* (198 App. Div. 788).

The Arbitration Law itself does not extend the hitherto recognized type of arbitration so as to include within its embracement appraisals of incidental matters which are at times provided for in contracts, and since, prior to the adoption of the Arbitration Law, appraisals of the character provided for in insurance policies were never considered as arbitrations and were had quite informally without the procedure of oaths, witnesses, notices of trial and formal awards, there is no reason indicated for a change thereunder.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for arbitration denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

