In the Matter of the APPRAISAL OF THE LOSS AND DAMAGE TO THE BUILDING KNOWN AS 176 AND 178 EAST MAIN STREET, AMSTERDAM, NEW YORK, Resulting from a Fire on August 15, 1932.* THE BUFFALO INSURANCE COMPANY OF BUFFALO and Others, Appellants; MORRIS YOSCOVITZ, Respondent.

Third Department, May 12, 1983.

*Ainsworth & Sullivan* [*Charles B. Sullivan* of counsel], for the appellants.

*Harry V. Borst*, for the respondent.

RHODES, J. The appellants heretofore issued policies of fire insurance covering certain properties of Morris Yoscovitz, the insured respondent. Each of the policies contained a provision to the effect that if the parties were unable to agree as to the amount of loss, each should appoint a competent and disinterested appraiser; "that said appraisers shall select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then,

---

* Affg. 146 Misc. 449.

on request of the insured or the insurance company, such umpire shall be selected by a judge of a court of record in the State in which the property insured is located." The insured property was damaged by fire. An appraiser was selected by the respondent and the appellants also selected an appraiser to represent them. Thereafter the respondent applied to the Montgomery county judge for the appointment of an umpire, claiming by his application that the appraisers had been unable to agree upon the appointment of an umpire and that more than fifteen days had elapsed since said failure to agree. After considering the affidavits submitted by both sides, the learned county judge made an order appointing an umpire.

On this appeal the appellants urge that the county judge was without authority to make such order for the reason that an umpire had in fact been selected by the appraisers and that an appraisal had actually been made.

Subdivision 10 of section 121 of the Insurance Law, so far as material, provides that on five days' notice " the said judge shall, on proof by affidavit of the failure or neglect of the said appraisers to agree upon and select an umpire within the time provided in said policy * * * forthwith appoint a competent and disinterested person to act as such umpire in the ascertainment of the amount of said loss or damage."

It thus became necessary upon the application before the judge for him to determine as a question of fact if the appraisers had failed or neglected to agree upon and select an umpire.

The insured submitted an affidavit made by his appraiser which stated that the appraisers " have failed to agree upon a competent and disinterested umpire." The affidavits for the appellants set forth that a written agreement for an appraisal had been entered into and an award made; that it appeared therefrom that the appraisers had selected and appointed an umpire, said appointment being in writing and signed by the said appraisers; that the said umpire duly accepted the said appointment and duly took his oath to perform the duties thereof, and that thereafter the said umpire acted in said capacity and an award was duly made in writing by the umpire and one of the appraisers.

The affidavit of the appraiser appointed in behalf of the insurance companies stated that the appraisers met, signed a written declaration and oath of appraisers, and on said day, in the presence of each other, selected and appointed the said umpire; that the appraisers thereafter met with said umpire and discussed and considered the said loss and damage by fire, after which said award was made.

The affidavit of the umpire submitted on the application herein is to the same effect.

These assertions made in behalf of the appellants are denied in an affidavit of the appraiser appointed by the insured. This affidavit is to the effect that the appraiser selected by the insurance companies produced the appraisal paper, stating that it would have to be signed and that the affiant signed said paper in duplicate, writing his name in two places on each of said papers; that at the time he signed the same no name had been inserted under the heading thereon " Selection of Umpire;" that thereupon the appraiser appointed by the insurance companies proceeded to write in the name of the umpire without the affiant's consent to such appointment and that said selection of umpire was solely the act of the appraiser appointed by the insurance companies; that the affiant was not asked whether he had any choice of an umpire and whether he consented to the selection of said umpire, and that the other appraiser did not in any way consult with the affiant except that he made the statement that he was going to name said person as umpire; that the affiant never ratified the appointment; that the affiant had never heard of the person named as umpire and would never have consented to his appointment as umpire without first making an investigation as to his ability, honesty and integrity.

The appraiser appointed by the insurance companies denied these allegations and stated that the name of the umpire had been inserted under the heading " Selection of Umpire " before it was signed by the appraisers.

The affidavits submitted contain many other allegations, assertions and denials not necessary to enumerate.

The foregoing recitals embrace substantially the claims of the respective parties as to whether the appraisers agreed upon and selected an umpire.

The affidavits submitted thus raised an issue of fact as to whether there had been a failure or neglect of the appraisers to agree upon and select an umpire. Upon this disputed question the learned county judge determined that there had been such failure, for his order recites as a fact that the name of the umpire was inserted in said " Selection of Umpire " after the same had been signed by the appraisers and that the appraiser selected by the insured had not consented to the selection of said umpire nor had he thereafter ratified the selection of said umpire.

Under the statute the county judge was required to name an umpire " on proof by affidavit of the failure or neglect of the said appraisers to agree upon and select an umpire." Necessarily the judge was called upon to determine upon the papers submitted whether there had been a failure of the appraisers thus to agree upon and select an umpire. This question of fact has been determined

in favor of the insured. The facts alleged are sufficient to support such finding and determination.

The appellants further assert that an umpire should not have been appointed by the judge for the reason that upon the application the appraiser for the insurance companies asserted that he " now declines and refuses to now or hereafter act in any manner as an appraiser in respect to the above fire loss." A sufficient answer to this contention is that such appraiser signed an agreement accepting the appointment and agreeing to act, and under oath swore that he would act with strict impartiality and make an award according to the best of his knowledge, skill and judgment. Under the provisions of the policies the appraisers were required to select an umpire before making the appraisal; hence when the order was made, the appraisal was a thing of the future.

The judge was called upon to consider existing facts, not future uncertainties; he was not compelled to anticipate that the appraiser would violate his oath and refuse to perform his duties.

Lastly, the appellants argue that the order was unauthorized because an award having already been made, no appraisal proceedings were pending, and, therefore, there was no authority for the making of the order; and because the order sets aside and renders null and void such award already made.

The order does not purport to set aside an award already made; it simply determines that the appraisers have failed to agree upon an umpire. It is true that the order in effect proceeds upon the theory that no appraisal has been made. However, the questions presented by the appeal do not require us to decide what effect the order may have in other actions and proceedings as against the assertions of the appellants that an award has already been made. If the appellants' contentions were to prevail, it would be possible to nullify the statute and prevent the appointment of an umpire by a judge in cases where the parties might be entitled to that relief. All that would be necessary to accomplish such result would be the production of a spurious or forged appointment of an umpire. If this could prevent the judge from deciding whether an umpire had been agreed upon, he would be ousted of jurisdiction to do what the statute commands him to do. Such a result seems contrary to its purpose and intent.

The order should be affirmed, with costs.

BLISS and HEFFERNAN, JJ., concur; HILL, P. J., concurs with a memorandum; CRAPSER, J., dissents with a memorandum.

HILL, P. J. (concurring). I concur for affirmance of the order. Notwithstanding the decision in *Matter of American Insurance Co.*

(208 App. Div. 168), I believe that the appraisals provided for in standard fire insurance policies are arbitrations to be conducted under the provisions of the Arbitration Law of the State of New York. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284; *Matter of General Footwear Corp.* v. *Lawrence Leather Co.*, Id. 577; *Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 id. 382.) The insurance companies state in opposition to the insured's application to the county judge for the appointment of an umpire, that one was selected earlier by an agreement between the appraisers or arbitrators and an appraisal or arbitration award made. The position of the insured is that in fact no umpire was appointed, but the appraiser or arbitrator he had selected was induced by the one selected by the insurance companies to sign the blank designation, with the understanding that the selection would be made later. The blank was kept in the possession of the appraiser selected by the insurance companies, who later, fraudulently and without authority, filled in the blank designation with the name of a person of his own selection, and who was partisan and favorable to the insurance companies. The county judge apparently decided this issue of veracity in favor of the insured. This determination has no further effect than to select an umpire for the appraisal or arbitration if, under section 3 of the Arbitration Law (Laws of 1920, chap. 275), it is decided later one is to be had.

The affidavit made by the appraiser appointed by the insurance companies and used before the county judge in this proceeding states that " he now declines and refuses to now or hereafter act in any manner as an appraiser in respect to the above fire loss, or in connection with any proceeding in respect thereto." This statement may be susceptible of two constructions, but it can be of little concern to a court in determining a question of law, that a person named by an insurance company as an appraiser has determined in his own mind that the matter is entirely closed, and such a statement seems impertinent. " The practice of arbitrators of conducting themselves as champions of their nominators is to be condemned as contrary to the purpose of arbitrations and as calculated to bring the system of enforced arbitrations into disrepute. An arbitrator acts in a quasi-judicial capacity and should possess the judicial qualifications of fairness to both parties so that he may render a faithful, honest and disinterested opinion." (*Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.*, 240 N. Y. 398, 405.) A policy of fire insurance is but a contract between the insured and insurer, phrased in part, it is true, as prescribed by statute. The provision therein for an appraisal if the parties disagree differs in no way from an arbitration provision in contracts generally. Whether

the persons selected to adjust the differences are called appraisers or arbitrators is but a difference in terminology. The same standard should be applied to the conduct of one as the other.

CRAPSER, J. (dissenting.) I dissent and vote for the reversal of the order of the county judge on the ground that the written appraisal agreement, ;designation of umpire and written award were all regular upon the face thereof, and that the only way they can be set aside or vacated is by an action in equity and the court had no jurisdiction to attempt to decide the matter upon affidavits. (*Garrebrant* v. *Continental Ins. Co.*, 75 N. J. Law, 577; 14 R. C. L. 1363; *Schmitt Brothers* v. *Boston Ins. Co.*, 82 App. Div. 234; *New York Mutual Sav. Assn.* v. *Manchester Assurance Co.*, 94 id. 104.)

Order affirmed, with ten dollars costs and disbursements.