Nicholas M. Pette, J.
Application for an order staying arbitration. By error, it appeared that this motion had been withdrawn. The court renders this decision.
On January 17, 1952 the parties to this proceeding executed a contract wherein they agreed that some of the corporate petitioners would be dissolved and their assets distributed to the stockholders. Among other things, the agreement provided that all claims, disputes, differences, etc. arising out of or by virtue of the stock holdings of the respondent in said corporations “ and the question of what the profits of said corporations are ” would be referred to certain named arbitrators for hearing and decision in accordance with the arbitration laws of the State of New York and that each of the parties would abide by the decision, award - or order made by the arbitrators and that a judgment could be entered in the Supreme Court in any county of the State of New York.
Thereafter some attempts were made to have arbitration and certain litigation ensued, notably an application to appoint a substitute arbitrator after the resignation of one of the named arbitrators. An order granting said application was affirmed by the Appellate Division and by the Court of Appeals. It appears, however, from the opinion of the Appellate Division that that court had not passed on the question of whether there was an arbitrable issue, but only on the power of the court to appoint a substitute arbitrator. The Court of Appeals affirmed without opinion. (Matter of Klines [Green], 2 A D 2d 373, affd. 3 N Y 2d 816.)
The question of whether there is an arbitrable issue is now raised directly by the present application to stay arbitration.
The matters upon which respondent seeks arbitration are stated by him to be as follows:
1. What were all of the transactions of the corporations involved.
2. What were the correct profits of the corporations involved.
3. Did Jacob A. Green exercise his option to purchase the stock of the respondent.
In view of the statement by petitioner Green in his affidavit that “At no time did I ever exercise such an option or intend to ”, the third item has now been withdrawn by respondent. Thus, arbitration is sought simply as to the amount of the profits of the corporations and the basic transactions from *949 which the profits are computed. No ultimate relief is asked beyond the ascertainment of the factual data above mentioned.
It is elementary that unless a controversy can be the subject of an action, arbitration will not lie. (Civ. Prac. Act, § 1448; Matter of Burkin [Katz], 1 N Y 2d 570; Matter of Robinson [Robinson], 271 App. Div. 98.) Determination of what the profits of the corporations are in and of itself is not a matter which could be the subject of an action. • This case is not unlike Matter of Friedland (1 A D 2d 129) wherein the petitioner sought the determination of certain controverted issues of fact unconnected with any request for any type of relief. It was there held that arbitration would not lie.
An agreement for arbitration ordinarily encompasses disposition of the entire controversy between the parties upon which judgment may be entered after judicial confirmation of the award. (Matter of Delmar Box Co. [Ætna], 309 N. Y. 60, 63.) Such is not the case here.
The petitioners are not obligated to submit the claims asserted against them to arbitration, even though the arbitration had commenced. The motion to stay arbitration is granted. Submit order.