In the Matter of the Arbitration between ANNA KATZ, as Executrix of MARTUS KATZ, Deceased, Respondent, and SOL SCHWARTZ et al., Appellants.

First Department, July 5, 1960.

*Jeremiah S. Gutman* of counsel (*Levy, Gutman, Goldberg & Null,* attorneys), for appellants.

*Abraham Kantor* for respondent.

*Per Curiam.* Petitioner is executrix of the estate of the decedent, who some years ago entered into a partnership agreement with the two respondents concerning the operation of a luncheonette business. This agreement, insofar as pertinent,

contained the following provision: "15. In the event that any partner shall die, the representative of the estate of the deceased partner shall sell and the surviving partners together and equally shall buy the partnership interest of the decedent. The price for the decedent's interest, if not agreed upon by the legal representative and the surviving partners, shall be fixed by appraisal by arbitration as hereinafter provided. The legal representative of the estate of the deceased partner shall appoint one appraiser and the surviving partner or partners shall appoint one appraiser and said two appraisers will either agree upon a price or appoint a third appraiser and proceed to appraise the decedent's interest by majority decision. The cost of appraisal, if any, shall be borne equally between the decedent's estate on the one hand and the surviving partners on the other. The appraisers shall consider all elements relevant to the value of the business of the partnership as a going business, whether on the books of the partnership or not, including additional amount for value of the good will of the business."

The two designees of the surviving partners and the executrix were unable to agree on a third person to act with them, although it is contended by appellants that they did in fact select a third appraiser, to participate in an appraisal of the decedent's partnership interest. Of course, there are vital differences between an appraisal and an arbitration proceeding (*Matter of Delmar Box Co. [Ætna Ins. Co.]*, 309 N. Y. 60; *Matter of Fletcher*, 237 N. Y. 440), which need not be detailed here. The question presented is whether the parties intended to have their interests upon death fixed by "the strict judicial investigation of an arbitration" (*Matter of American Ins. Co.*, 208 App. Div. 168, 171) or by the more informal, ex parte process of appraisal.

We believe the parties agreed upon arbitration. Otherwise, there is no reason for the inclusion of the words "by arbitration" in paragraph "15". The only logical construction of this paragraph is that the parties agreed to a fixing of the price of the partnership interest, which in somewhat loose language they termed an "appraisal", through the process of arbitration. The procedures followed by the two designees of the parties, nor even their practical construction of the agreement, could not serve to rewrite an agreement capable of construction by this court.

Accordingly, the order of March 23, 1960, granting the application of petitioner for the appointment of a third arbitrator, should be affirmed on the law, with costs to petitioner-respondent.

McNally, J. (dissenting). In my opinion the order should be reversed, the petition for the appointment of a third arbi-

trator denied and the appraisal directed pursuant to article 80-B of the Civil Practice Act.

The agreement dated January 31, 1956 provides for the appraisal of the partnership interest of the petitioner's decedent by two appraisers, one appointed by the representative of the estate of the deceased partner, and the other by the surviving partners. In accordance with the agreement two appraisers were appointed. On February 22, 1960 the appraisers met and were unable to agree upon the value of decedent's interest. The agreement enabled the two appraisers in the event of their failure to agree upon value to appoint a third appraiser and proceed with the appraisal by majority decision. The two designated appraisers thereupon nominated a panel of three from which the third appraiser was to be selected. The appraiser designated by the petitioner subsequently urged the disqualification of one of the panel which was consented to. Thereafter one of the two remaining on the panel accepted the nomination as third appraiser. The attempt on February 25, 1960 of the petitioner's designee to otherwise withdraw his prior approval of the panel is without legal effect. So far as appears there is no impediment to the appraisal in accordance with the agreement therefor.

The contention that the appraisal is governed by article 84 of the Civil Practice Act applicable to arbitration proceedings is without merit. Petitioner's said contention, although tenuously supported by the somewhat ambiguous phraseology of paragraph " 15 ", providing, in part " [T]he price * * * shall be fixed by appraisal by arbitration ", is negated by the practical construction of the agreement by the parties and their designated appraisers which clearly establishes the intent to proceed by appraisal rather than arbitration. The proceedings by the designated appraisers which resulted in disagreement as to the value of the decedent's interest were conspicuous by their noncompliance with arbitration procedures. The appraisers were not sworn as provided in the case of arbitrators (Civ. Prac. Act, § 1455); there was no hearing as provided in section 1456 of the Civil Practice Act; the parties adduced no proof and no testimony was taken. No time and place for a hearing were designated and no notice thereof was given to the parties. The designated appraisers proceeded informally as in appraisal relying largely on the application of their own knowledge and experience to the relevant data with none of the statutory formalities requisite in arbitration proceedings.

The designated appraisers requested and were furnished prior to the meeting on February 22, 1960 income statements and

other relevant information as to sales, gross income, assets and liabilities, and the lease. The ex parte investigation antedating the meeting on February 22, 1960 and the other informal proceedings of the designated appraisers are consistent only with an appraisal and inconsistent with arbitration procedure. (*Matter of Delmar Box Co. [Ætna Ins. Co.]*, 309 N. Y. 60.)

Moreover, it is highly unlikely that the parties intended two arbitrations — one by the designated appraisers; the second, in the event of their inability to agree, by a panel of three appraisers, with all of the proceedings, complications and expense incident thereto. Under the circumstances, the practical construction of the parties and the designated appraisers excludes the intention to resort to arbitration. (*Carthage Tissue Paper Mills* v. *Village of Carthage*, 200 N. Y. 1, 14; *Woolsey* v. *Funke*, 121 N. Y. 87, 92.)

The provisions of article 80-B do not require the written designation of a third appraiser. The selection and designation of the third appraiser although not in writing is, therefore, valid.

BOTEIN, P. J., BREITEL and RABIN, JJ., concur in *Per Curiam* opinion; McNALLY and STEVENS, JJ., dissent and vote to reverse and dismiss in dissenting opinion by McNALLY, J.

Order, dated March 23, 1960, granting application of petitioner for the appointment of a third arbitrator affirmed on the law, with $20 costs and disbursements to the petitioner-respondent.