## SECOND DEPARTMENT, FEBRUARY, 1977

### (February 1, 1977)

■ In the Matter of AARON STRAUSS, Respondent. DIRECTOR, HARLEM VALLEY PSYCHIATRIC CENTER, Appellant.—Motion by appellant for reargument of appeal from a judgment of the Supreme Court, Dutchess County, entered March 22, 1976, which judgment denied his application for authorization to perform certain surgery upon respondent Aaron Strauss. Motion granted and, upon reargument, the decision and order of this court, both dated October 18, 1976, insofar as they dispose of the judgment in the proceeding involving Aaron Strauss, are hereby recalled and vacated, and the following substituted decision is rendered: Appeal by the director of the Harlem Valley Psychiatric Center from a judgment of the Supreme Court, Dutchess County, entered March 22, 1976, which denied his application for authorization to perform certain surgery upon respondent Aaron Strauss. Judgment reversed, on the law, without costs or disbursements, and application granted. Persons committed to State institutions for the mentally ill

are wards of the court, "upon which a duty devolves of protection both as to their persons and property" *(Wurster v Armfield,* 175 NY 256, 262). Where the record shows the clear necessity for surgery to alleviate extreme discomfort (here, to alleviate a massive hydrocele), the court is fully empowered to grant authorization therefor, especially where there is no close relative who is in the position to give consent. Section 15.03 of the Mental Hygiene Law (L 1972, ch 251, as amd by L 1972, ch 254, § 3) was not intended to derogate from this humane necessity. Part 27 of title 14 of the Regulations of the Department of Mental Hygiene (14 NYCRR Part 27), promulgated pursuant to sections 9.01 and 15.03 of the Mental Hygiene Law, constituted a reasonable interpretation and execution of that law. Section 9.01 provides that "The commissioner may adopt regulations necessary and proper to implement any matter under his jurisdiction." The ex parte appointment of the director of the Mental Health Information Service (MHIS) of the Second Judicial Department as guardian ad litem for the patient was appropriate. Since the court did not thereafter choose to appoint someone else, the original appointment continued in effect. Although section 29.09 of the Mental Hygiene Law (which sets forth the duties of the MHIS) does not specifically include provision for the appointment of the director of MHIS as guardian ad litem on applications by State institutions for authorization for surgery on persons incapable of giving consent, such appointment is not precluded, and is consistent with 22 NYCRR 694.3 (a) (2), (4), (6) (ii). Section 2805-d of the Public Health Law (L 1975, ch 109, § 1, as amd by L 1975, ch 476, § 1), which relates to informed consent, was clearly not intended to prevent a court from authorizing necessary surgery upon mental patients in State institutions who are incapable of giving consent. Here, the surgery was indeed necessary. Hopkins, Acting P. J., Martuscello, Margett and Rabin, JJ., concur.