In the Matter of EUGENE HOLLANDER, Appellant, *v.* LORETTA B. KESSLER, as Executrix of J. GEORGE KESSLER, Deceased, Respondent.

First Department, November 14, 1963.

*Samuel Mezansky* of counsel (*Edward Feldman* with him on the brief; *Morris Gogolick,* attorney), for appellant.

*Hyman R. Friedman* of counsel (*Joseph Nerenberg,* attorney), for respondent.

STEVENS, J. This is an appeal from an order entered April 23, 1963, which denied petitioner's motion to correct the report of the appraisers, and granted respondent's cross motion to confirm such report and directed entry of judgment thereon, and an appeal from an order entered August 8, 1963, which denied reargument.

The petitioner and one Kessler, respondent's testator, were copartners in the operation of two nursing homes, and owners of all outstanding shares of the capital stock of two corporations. By written agreement dated January 1, 1959, petitioner and Kessler declared their respective interests, how profits and losses should be apportioned in their businesses, and made provision for death, withdrawal or dissolution. Paragraph 12 of the agreement provided, *inter alia,* upon dissolution of the partnerships by death or otherwise, the remaining party should have the privilege of purchasing the interest of the retiring or deceased party in the corporations or partnerships "based upon the market value of the share" of the retiring or deceased party "fixed by two appraisers, one of which shall be chosen by each of the parties in interest." In the event the appraisers could not agree upon the valuation they were to designate a third appraiser, etc. "The appraisers shall then determine the value of the interest to be sold, treating the Hollkess Corp. and Park Lane Nursing Home as one unit and Keco Corporation and Riverview Nursing Home as a single unit." This was the extent of the function and power of the appraisers as set forth in the agreement.

Kessler, one of the parties, died January 24, 1961. After some preliminaries the matter was submitted eventually to three

appraisers, including one appointed by the court, to " determine and fix the market value of the share of interest " of Kessler " as provided in the agreement."

The appraisers unanimously determined to use the actual net income method in determining value, but differed as to the inclusion of any sum for interest paid or building depreciation in the total of costs and expenses. The report was submitted with one dissent.

Thereafter petitioner moved to correct the report to include the items which formed the basis for the dissent, i.e., building depreciation and a sum for interest paid. Respondent cross-moved to confirm and for an order directing the entry of judgment including specified methods of payment. The cross motion was granted and petitioner appeals therefrom, as well as from a later order denying reargument. Petitioner asks also that his motion to correct be denied.

Examination of the record reveals that this was and always remained an appraisal proceeding. The order entered August 24, 1961, provided " *unless* within ten (10) days after the service of a copy of this order with notice of entry ", the parties " proceed in accordance with the said agreement of January 1st, 1959 ", to choose appraisers, they would be deemed to have made a submission to arbitration within the meaning of section 1448 of the Civil Practice Act. The parties complied with the order by choosing appraisers in accordance with the agreement, so the alternative never became effective (see, also, Civ. Prac. Act, § 1340, subd. 3).

The appraisers fixed the value of the interest to be sold, thus exhausting their power under the agreement as well as under the order of the court in its appointment of the third appraiser. It is clear that the function of the appraisers was merely to calculate a price, and nothing more. This they did.

The parties themselves provided in the agreement for the manner and method of payment once valuation was determined. Their intention is not open to speculation for it is expressed in the language of the agreement (cf. *Matter of Katz* [*Schwartz*], 11 A D 2d 89; *Matter of American Ins. Co.* [*Wasserman*], 208 App. Div. 168). The contingency provided for by judicial intervention under article 80-B of the Civil Practice Act whereby, regardless of the agreement and intention of the parties, the provision for appraisal might have been deemed a submission to arbitration, never occurred because of the parties' compliance with the order. The plain language of the agreement excluded any submission pursuant to article 84 of the Civil Practice Act.

Distinctions between appraisals and arbitration have long been recognized (*Matter of Delmar Box Co.* [*Ætna Ins. Co.*], 309 N. Y. 60; *Matter of Fletcher*, 237 N. Y. 440) and the court is without power to enter judgment upon an appraisal as if it were an award in arbitration. The proper remedy is to bring a plenary action (*Matter of Delmar Box Co.* [*Ætna Ins. Co.*]; *Matter of Fletcher*; *Matter of American Ins. Co.*, 208 App. Div. 168).

Accordingly, the order entered April 23, 1963, herein appealed from should be modified on the law, to the extent of reversing and denying respondent's cross motion to confirm and for entry of judgment, and to strike entry of judgment, and should be otherwise affirmed, with costs to appellant, and without prejudice to the institution of a plenary action.

The order entered August 8, 1963, herein appealed from becomes academic by reason of the disposition heretofore indicated. While it was denominated a motion for leave to renew or for a rehearing (so that any order entered thereon would be appealable), it was in fact a motion for reargument. As such the order thereon is not appealable and the appeal therefrom should be dismissed, without costs to either party (Tripp, Guide to Motion Practice, § 14, and cases cited).

Botein, P. J., Breitel, Rabin and Eager, JJ., concur.

Order, entered on April 23, 1963, unanimously modified, on the law, to the extent of reversing and denying respondent's cross motion to confirm and for entry of judgment, and to strike entry of judgment, and, as so modified, affirmed, with $20 costs and disbursements to appellant, and without prejudice to the institution of a plenary action.

Appeal from order entered August 8, 1963 unanimously dismissed, without costs, having become academic by virtue of the decision of this court on appeal from order entered April 23, 1963, decided herewith.